Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022


Attorneys for Plaintiff
Erica Welker

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Erica Welker | Case No: 08-CV-2259-MMA-WMc |
|---|---|
| Plaintiff, | Plaintiff's Opposition to Defendant's Motion to Dismiss Pursuant To Fed. R. Civ. P.  12(b)(6) and California Anti-SLAPP Legislation and Requests for Fees and Costs |
| v. | |
| Law Offices of Daniel J. Horwitz | |
| Defendant. | |
| | Date: March 20, 2009 |
| | Time: 2:30 PM |
| | Location: Courtroom 5, Federal Courthouse, San Diego, CA |

*Hyde & Swigart*
*San Diego, California*

1

# TABLE OF CONTENTS

Table of Contents...................................................................................2

Table of Authorities ..............................................................................3

    Cases ...........................................................................................3-5

    Pending Cases ..............................................................................5

    Statutes .........................................................................................5

    Congressional Reports.................................................................6

    Exhibits and Declarations............................................................6

Introduction............................................................................................7

Issues Before The Court ........................................................................8

Argument ...............................................................................................8

    1.  Defendant violated the FDCPA and the Rosenthal Act because it failed to state the full amount of the alleged debt in its initial communication with Ms. Welker, pursuant to 15 U.S.C. § 1692g(a)(1)............................................8

    2.  Defendant violated the FDCPA and the Rosenthal Act when it failed to advise Plaintiff in its initial communication that any dispute by Plaintiff had to be in writing, pursuant to 15 U.S.C. § 1692g(a)(4) and (a)(5).................11

    3.  Defendant's claim that its violations of federal and state law are privileged pursuant to Cal. Civ. Code § 47 is meritless .................................................14

    4.  California's anti-SLAPP statute does not apply in this case, and even if it did, Defendant has not met its burden...........................................................16

    5.  Defendant's request for attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) is premature, unwarranted, and meant only to intimidate.........19

Conclusion ...........................................................................................20

**TABLE OF AUTHORITIES**

**CASES**

*Abels v. JBC Legal Group, P.C.*

    428 F. Supp. 2d 1023 (N.D. Cal. 2005)............................................................9

*Baker v. G.C. Services Corp.*

    677 F.2d 775 (9th Cir. 1982) ...............................................................10, 14

*Camacho v. Bridgeport Fin. Inc.*

    430 F.3d 1078 (9th Cir. 2005) ............................................................11, 12

*Clark v. Capital Credit & Collection Servs.*

    460 F.3d 1162 (9th. Cir. 2006)....................................................9, 10, 12, 13

*Christiansburg Garment Co. v. EEOC*

    434 U.S. 412, 418 (1978) ..........................................................................14

*Daniel Edstrom v. All Services and Processing*

    2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D. Cal. 2005).................9

*Dupuy v. Weltman*

    442 F. Supp. 2d 822 (N.D. Cal. 2006) ..............................................9, 10, 11

*Equilon Enterprises v. Consumer Cause, Inc.*

    29 Cal.4th 53 [124 Cal. Rptr. 2d 507, 52 P.3d 685] (2002).....................17, 18

*FDIC v. Schuchmann*

    319 F.3d 1247, 1250 (10th Cir. 2003) ........................................................20

*Guerrero v. RLM Acquisations LLC*

    499 F.3d 926 (2007) ..................................................................................20

*Hearn v. W. Conference of Teamsters Pension Tr. Fund*

    68 F.3d 301 (9th Cir. 1995) .......................................................................15

*Heintz v. Jenkins*

    514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) ............................14

*Jarrow Formulas, Inc. v. LaMarche*

    31 Cal.4th 728, [3 Cal. Rptr. 3d 636, 74 P.3d 737] (2003).......................16, 19

HYDE & SWIGART
San Diego, California

*Lamie v. United States Trustee*
        540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) ............................12

*Mann v. Quality Old Time Service, Inc.*
        120 Cal. App. 4th 90, 15 Cal. Rptr. 3d 215 (2004)........................................19

*Mello v. Great Seneca Financial Corp.*
        526 F. Supp. 2d 1024 (C.D. Cal. 2007) ...................................................15, 19

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*
        214 F.3d 872 (7th Cir. 2000) ..................................................................10, 11

*Paul for Council v. Hanyecz*
        85 Cal. App. 4th 1356, 102 Cal. Rptr. 2d 864 (2001)....................................17

*People ex. rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.*
        86 Cal. App. 4th 280, 285, 103 Cal. Rptr. 2d 71 (2000)...............................17

*Peter v. GC Servs. L.P.*
        310 F.3d 344 (5th Cir. 2002) ........................................................................10

*Postow v. Oriental Bldg Ass'n*
        455 F. Supp. 781 (D.D.C. 1978).....................................................................14

*Rosenthal v. Great Western Fin. Securities Corp.*
        14 Cal.4th 394 (1996)....................................................................................18

*Rouse v. Law Offices of Rory Clark*
        465 F. Supp. 2d 1031 (S.D. Cal. 2006).....................................................17, 18

*Security Pac. Nat'l Bank v. Resolution Tr. Corp.*
        63 F.3d 900, 904 (9th Cir. 1995) ....................................................................15

*Sial v. Unifund CCR Partners*
        2008 US Dist LEXIS 66666 (S.D. Cal. 2008) ...............................................16

*Simpson v. Lear Astronics Corp.*
        77 F.3d 1170, 1177 (9th Cir. 1995).................................................................20

*Sterling Energy, Ltd. v. Friendly Nat'l Bank*
        744 F.2d 1433, 1435 (10th Cir. 1984) ............................................................20

HYDE & SWIGART
San Diego, California

*Swanson v. Southern Or. Credit Serv.*,

    869 F.2d 1222 (9th Cir. 1988) ...................................................................9, 10

*Wilson v. Parker, Covert & Chidester*

    28 Cal.4th 811 [123 Cal. Rptr. 2d 19, 50 P.3d 733] (2002)...........................19

*Yates v. Allied Int'l Credit Corp.*

    578 F. Supp. 2d 1251 (S.D. Cal. 2008)............................................................16

### PENDING CASES

*Curiel v. Law Offices of Daniel J. Horwitz*

    Case No. 08-CV-2262-MMA-WMC (S.D. Cal. 2008) ....................................7

### STATUTES

Cal. Civ. Code § 47 ..............................................................................8, 14, 16, 20

Cal. Civ. Code § 425.16 .....................................................................8, 16, 17, 19

Cal. Civ. Code § 1788.15(a) ...........................................................................15

Cal. Civ. Code § 1788.15(b) ...........................................................................15

Fair Debt Collection Practices Act

    15 U.S.C. §§ 1692 et seq. ("FDCPA")...................................................Passim

Rosenthal Fair Debt Collection Practices Act

    California Civil Code §§ 1788-1788.32 ("Rosenthal Act")...................Passim

15 U.S.C. § 1692(a) ..........................................................................................18

15 U.S.C. § 1692a(6) .......................................................................................14

15 U.S.C. § 1692g........................................................................................10, 12

15 U.S.C. § 1692g(a)(3) ..........................................................................12, 19, 20

15 U.S.C. § 1692g(a)(4) .............................................................................11-13

15 U.S.C. § 1692g(a)(5) .............................................................................11-13

15 U.S.C. § 1692i..............................................................................................15

15 U.S.C. § 1692k(a)(3) ..........................................................................19, 20

HYDE & SWIGART
San Diego, California

**CONGRESSIONAL REPORTS**

S. Rep. No. 382, 95th Cong. 2d Sess. 4,

    *reprinted* in 1977 U.S. Code Cong. & Admin. News 1695, 1699 ....................9

**EXHIBITS AND DECLARATIONS**

Declaration of of Daniel J. Horwitz

    Def's Motion, Exhibit A. ........................................................................8, 9, 13

**HYDE & SWIGART**
San Diego, California

## I.   INTRODUCTION

The Law Offices of Daniel J. Horwitz ("Horwitz") is a law firm engaged in trying to collect alleged debts for a doctor who operates a "surgery center facility" in San Diego.  Ms. Welker's story is identical to that of Ms. Shannon Curiel, who also has a case before the Southern District,[1] and others that Plaintiff is aware of who are being defrauded by Horwitz's client, and who have identical stories, but who have not filed suit, and who will be witnesses in the state trial in which Horwitz's client and Ms. Welker and Ms. Curiel are litigating claims for breach of contract, torts, and consumer actions.

In summary, all of these persons, those who filed suit, as well as those who did not, allege that Horwitz's client is involved in a form of fraud in which Horwitz's client, along with another doctor, misrepresent insurance involvement in medical procedures and what, if anything, the patients of these doctors will have to pay for certain surgeries.   When the insurance companies refused to continue paying on questionable claims submitted by Horwitz's client, he began trying to collect money not owed from patients who had been told they would have to pay nothing.   These attempts to coerce money from patients began primarily because the business relationship between the two doctors became estranged.   However, while that aspect of this matter is somewhat complicated, it is also largely relevant only to the state actions, and is offered here merely as background.

Here, it is suffice to say that Horwitz is an attorney who regularly collects debts for his clients, and is attempting to collect from Ms. Welker the debt that this surgery center claims is owed.  And, as Horwitz and his client know, Ms. Welker vehemently denies any such debt is owed by her.

---

[1]  Ms. Welker's matter, 08-CV-2259, and Ms. Curiel's matter, 08-CV-2262 were originally assigned to different judges.  On Plaintiff's Motion, both cases are now before the Court.  Briefing is essentially identical.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

While attempting to collect this alleged debt, Horwitz, a self acknowledged debt collector,[2] had delivered to Ms. Welker a letter in which Horwitz, as a debt collector, violates both state and federal debt collection statutes. It is the content of this letter that forms the basis for this action.

## II.   ISSUES BEFORE THE COURT

1. Does a debt collector violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") when it fails to state in its initial communication with the consumer the full amount of the alleged debt?

2. Does a debt collector violate the FDCPA and the Rosenthal Act when it fails to advise consumers in its initial communication that the consumer must make certain disputes in writing?

3. Are Horwitz's actions privileged pursuant to Cal. Civ. Code § 47?

4. Has Horwitz properly filed a motion pursuant to California's anti-SLAPP statute, Cal. Civ. Code § 425.16, does it apply, and has Horwitz met his burden?

5. Can the Court, at this stage, consider Horwitz's current allegation that Ms. Welker filed this action in bad faith and for the purpose of harassment, and has Horwitz met his burden?

## III.   ARGUMENT

**1. Defendant violated the FDCPA and the Rosenthal Act because it failed to state the full amount of the alleged debt in its initial communication with Ms. Welker, pursuant to 15 U.S.C. § 1692g(a)(1).**

When Congress designed the FDCPA, "[i]t added the validation of debts

---

[2] See Exhibit A of the Declaration of of Daniel J. Horwitz, attached to Defendant's Motion, in which Horwitz states that "This office is acting as a debt collector. Any information obtained will be used for that purpose."

provision specifically to ensure that debt collectors gave consumers adequate information concerning their legal rights." *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988), citing S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699.

The FDCPA is a strict liability statute. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th. Cir.  2006) ("As our colleagues in other circuits have concluded, this broad language seems to make the FDCPA a strict liability statute.")  The Rosenthal Act is based on and incorporates by reference the FDCPA. *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 fn. 1 (N.D. Cal. 2006); see also *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541-1; citing *Daniel Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D. Cal. 2005), (California has incorporated by reference the text of certain federal provisions into the [Rosenthal Act], rather than copying them verbatim into the California code.)  Because the Rosenthal Act incorporates the FDCPA by reference, it requires compliance with the substantive provisions of the FDCPA and is also strict liability.

In paragraphs 24 through 26 of her Complaint, Plaintiff alleges that the October 2, 2008 letter is the initial communication by Defendant, and Defendant acknowledges this in the Declaration of Daniel J. Horwitz, paragraphs 2 and 3.  The FDCPA requires a debt collector to provide, as part of its initial communication with a consumer, or within five days after that initial communication, a written notice.  Part of this written notice must contain "the amount of the debt."  15 U.S.C. § 1692g(a)(1).

In *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1174 (9th Cir 2006), the Ninth Circuit noted that the FDCPA prohibits the false representation of "the character, amount, or legal status of any debt.  In the October 2, 2008 letter,[3] the initial communication here, Defendant tells Plaintiff that the "*principal* amount of [the] claim" is $23,508.61. (Italics added.)  The letter then goes on to state that

[3] Exhibit A of the Declaration of Daniel J. Horwitz.

HYDE & SWIGART
San Diego, California

Defendant is collecting "[Plaintiff's] outstanding balance, interest at the legal rate, and reimbursement of court costs related to your past-due account for medical services rendered."   No other statement is made with regard to the amount of the debt, and these vague statements leave open the issue of what is actually alleged by Defendant to be owed.   In the Ninth Circuit, the impact of language alleged to violate section 1692g is judged under the "least sophisticated debtor" standard. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).  See also, *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988).

The leading case on the issue before the Court is Judge Posner's decision in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), a case that is factually similar to the case here.  In *Miller*, the debt collector demanded the "unpaid *principal* balance" (italics are Judge Posner's) and added, "this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges…."  *Id. at 875*.   The Seventh Circuit held that such a statement is inadequate under the FDCPA.  "The statement does not comply with the Act … The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* See also, *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir. 2002) ("Although the text of § 1692g does not explicitly provide that the disclosures required by it must be made in a non-confusing manner, courts have held that the statute implies that the required disclosures be set forth in a form and within a context that does not distort or obfuscate its meaning.)   See also, *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988).

And while the Ninth Circuit has not yet ruled on this issue directly, the Northern District of California has, adopting the Seventh Circuit's *Miller* analysis. In *Dupuy v. Weltman*, 442 F. Supp. 2d 822 (N.D. Cal. 2006), the Northern District held that "Section 1692g(a)(1) requires debt collectors "to state the total amount due - interest and other charges as well as principal - on the date the dunning letter was sent." " 442 F. Supp. 2d at 827.  In *Dupuy*, the court found that a letter in which

HYDE & SWIGART
San Diego, California

the debt collector indicated interest might be due violated the FDCPA because, just as here, the debt collector did not indicate the amount of that interest.

Here Defendant has done what the defendants did in *Miller and Dupuy*. He sent an initial letter and demanded, not a specific figure as required by the FDCPA the Rosenthal Act, but $23,508.61 *plus interest at the legal rate, and reimbursement of court costs*. As the Seventh Circuit has made clear, this statement does not comply with the FDCPA. "The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). Consequently, Defendant has violated the FDCPA and the Rosenthal Act, and these statutes impose liability on Defendant.

**2.   Defendant violated the FDCPA and the Rosenthal Act when it failed to advise Plaintiff in its initial communication that any dispute by Plaintiff had to be in writing, pursuant to 15 U.S.C. § 1692g(a)(4) and (a)(5).**

"[The FDCPA] assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005). Defendant's erroneously argue that the Ninth Circuit's ruling in *Camacho* provides that "it is no longer proper to allege that the dispute must be 'in writing.'"[4] This is a misstatement of *Camacho* and the law. In *Camacho*, the Ninth Circuit stated that a debt collector violates the FDCPA when it <u>adds</u> the phrase "in writing" to the requisite part of the notice in the FDCPA when that phrase does not exist in the statute. The issue there was whether a debt collector could require a consumer to dispute a debt in writing when the section under which the consumer was disputing the debt did not require such a writing. The court held it could not.

The issue here is whether debt collectors may <u>delete</u> the phrase "in writing" from a different portion of the FDCPA than that reviewed in *Camacho* without

---

[4] Defendant's Motion, page 3, Line 19, § 3.

violating the FDCPA.  The Ninth Circuit decisions in *Camacho* and *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006), make it clear they may not.  The Ninth Circuit looked to the Supreme Court's decision in *Lamie v. United States Trustee*, 540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) and considered whether a debt collector misrepresented the rights of consumers under the FDCPA when it added the words "in writing" to the portion of its notice required by section 1692g(a)(3).[5]   The Ninth Circuit held that it did violate the FDCPA because "we must give effect to the plain meaning of the statute," and, because section 1692g(a)(3) does not include the phrase "in writing," and it cannot be <u>added</u> by the debt collector.

Here, Plaintiff <u>deleted</u> the phrase "in writing" from different sections of the statute that specifically state the debt collector must include the phrase "in writing," that is, sections 1692g(a)(4) and (a)(5).   For the same reasons explained by the Ninth Circuit in *Camacho*, a debt collector likewise cannot delete such a phrase.

In *Camacho*, the court explained that, "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written "dispute," while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."  430 F.3d, at 1081.

The court went on to explain that "Because we conclude that the FDCPA's statutory scheme, which assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing, is not absurd, we are not at liberty to insert any additional language."  430 F.3d, at 1082.  The FDCPA assigns *lesser* rights to debtors who orally dispute a debt and *greater* rights to debtors who <u>dispute it in writing</u>.  Thus, by failing to advise consumers they can only dispute the

---

[5]  15 U.S.C. § 1692g(a)(3) states that, "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;"

HYDE & SWIGART
San Diego, California

1  debt under sections (a)(4) and (a)(5) *in writing*, Defendant denies consumers the
2  greater rights afforded them, and Defendant is not at liberty to delete that language.

3      Defendant's Motion even acknowledges this fatal point in its Motion.  On page
4  3, lines 24-26, Defendant states that, "A consumer is entitled to dispute a debt orally
5  to overcome a collector's assumption that a debt is valid, *although only a written*
6  *dispute of the debt triggers the collector's duty to provide verification of the*
7  *debt*."   (Italics added.)   Nowhere in Defendant's letter does Defendant advise
8  consumers that they must dispute the debt "in writing" if consumers want to trigger
9  the protections of subsections (a)(4) and (a)(5).[6]

10      The  Ninth  Circuit  advises  that  "[w]ell-established  canons  of  statutory
11  construction provide that any inquiry into the scope and meaning of a statute must
12  begin with the text of the statute itself.  [citations]  They further caution that, "where
13  the statute's language is plain, the sole function of the courts is to enforce it according
14  to its terms … for courts must presume that a legislature says in a statute what it
15  means and means in a statute what it says there." "  [citations]  460 F.3d at 1168.

16      The Ninth Circuit has also stated that when a debt collector engages in debt
17  collection, it is the debt collector that must ensure that it adheres to the law, or accept
18  the consequences.

19
20         Most important, because the FDCPA is a remedial statute aimed
21         at curbing what Congress considered to be an industry-wide
22         pattern of and propensity towards abusing debtors, it is logical
23         for debt collectors–repeat players likely to be acquainted with
24         the legal standards governing their industry–to bear the brunt of
25         the risk. (Footnote omitted.) As we have oft repeated, it does
       not seem "unfair to require that one who deliberately goes
       perilously close to an area of proscribed conduct shall take the
       risk that he may cross the line." (Internal citations omitted.)

26  *Clark*, 460 F.3d at 1172-1173.
27
28  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[6] See Exhibit A of the Declaration of of Daniel J. Horwitz.

Hyde & Swigart
San Diego, California

**3.   Defendant's claim that its violations of federal and state law are privileged pursuant to Cal. Civ. Code § 47 is meritless.**

An FDCPA plaintiff is the "chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." *Postow v. Oriental Bldg Ass'n*, 455 F. Supp. 781, 785 (D.D.C. 1978), *aff'd in part and rev'd in part on other grounds,* 627 F.2d 1370 (D.C. Cir. 1980) (applying to the Truth in Lending Act the description in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418 (1978)).   "Congress clearly intended that private enforcement actions would be the primary enforcement tool of the [FDCPA]."   *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

The United States Supreme Court has held that when attorneys collect debts, they are debt collectors pursuant to the FDCPA.   *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).   In that same decision, the Supreme Court held that any claim of litigation privilege is "unconvincing."   The FDCPA applies to the activity of attorneys "even when that activity consists of litigation." *Id.*, at 299.   The Court's holding:

> Held: The Act must be read to apply to lawyers engaged in consumer debt-collection litigation for two rather strong reasons.   First, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings meets the Act's definition of "debt collector": one who "regularly collects or attempts to collect, directly or indirectly, [consumer] debts owed . . . another," 15 U.S.C. § 1692a(6).   Second, although an earlier version of that definition expressly excluded "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client," Congress repealed this exemption in 1986 without creating a narrower, litigation-related, exemption to fill the void.   Heintz's arguments for nonetheless inferring the latter type of exemption – (1) that many of the Act's requirements, if applied directly to litigation activities, will create harmfully anomalous results that Congress could not have intended;   (2) that a postenactment statement by one of the 1986 repeal's sponsors demonstrates that, despite the removal of

the earlier blanket exemption, the Act still does not apply to lawyers' litigating activities; and (3) that a nonbinding "Commentary" by the Federal Trade Commission's staff establishes that attorneys engaged in sending dunning letters and other traditional debt-collection activities are covered by the Act, while those whose practice is limited to legal activities are not – are unconvincing.

Further evidence that Congress did not envision a litigation privilege is in the statute itself.  As part of the FDCPA, in 15 U.S.C. § 1692i, Congress provides that any debt collector who brings legal action on a debt against a consumer must sue in the proper venue or violate the Act.  If a litigation privilege existed, section 1692i would be superfluous.  "We must avoid a construction which renders any language of the enactment superfluous."  *Security Pac. Nat'l Bank v. Resolution Tr. Corp.*, 63 F.3d 900, 904 (9th Cir. 1995). See also, *Hearn v. W. Conference of Teamsters Pension Tr. Fund*, 68 F.3d 301, 304 (9th Cir. 1995) ("Only where a sensible result isn't reachable may we resort to the drastic step of ignoring … statutory language… .")

The same holds true for the Rosenthal Act.  See *Mello v. Great Seneca Financial Corp.*, 526 F. Supp. 2d 1024, 1031 (C.D. Cal. 2007) (California's litigation privilege cannot immunize a debt collector under California's Rosenthal Act.)  When the California legislature passed the Rosenthal Act, it included Cal. Civ. Code § 1788.15(a), which states that a debt collector may not collect or attempt to collect a debt "by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected."  Cal. Civ. Code § 1788.15(b) reinforces this argument by stating that any debt collector who brings legal action in an improper venue violates the Rosenthal Act.  If the litigation privilege applied in Rosenthal Act matters, these section would be pointless.  The legislature clearly intended the Rosenthal Act to apply to litigation.

HYDE & SWIGART
San Diego, California

1    Courts have supported this proposition.  In *Sial v. Unifund CCR Partners*

2  2008 US Dist LEXIS 66666 (S.D. Cal. 2008), the court held that because Cal. Civ.

3  Code § 47 and the Rosenthal Act are irreconcilable,

> Applying the privilege … would effectively vitiate the
> Rosenthal Act and render the protections it affords
> meaningless." [citations]  "Thus, the court "applies the familiar
> principle of statutory construction that, in cases of
> irreconcilable conflict, the specific statute prevails over the
> general one," (Internal citations omitted) and finds that the
> Rosenthal Act prevails over the statutory litigation privilege.

In *Yates v. Allied Int'l Credit Corp.*, 578 F. Supp. 2d 1251 (S.D. Cal. 2008),

the court made the very point Plaintiff argues here:

> The litigation privilege does not apply to the claim brought
> under the California Fair Debt Collection Practices Act ("the
> Rosenthal Act") … At this point, there is sufficient direct
> precedent, generated by the district courts within the Ninth
> Circuit, excepting the Rosenthal Act from the scope of the
> privilege.  In addition, the [United States] Supreme Court has
> previously held that the FDCPA applies to the litigation
> activities of attorneys who regularly engage in debt collection.
> (Internal citations omitted.) This Supreme Court decision
> further supports the conclusion that litigation privilege would
> not override a law protecting against unfair debt collection
> practices.

**4.  California's anti-SLAPP statute does not apply in this case, and even if
it did, Defendant has not met its burden.**

*A)  California's Code Civ. Proc. § 425.16 two prong approach.*

Resolution of an anti-SLAPP motion requires the court to engage in a two-step

process.  *Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal.4th 728, 733, [3 Cal.
Rptr. 3d 636, 74 P.3d 737].*

> First, the court decides whether the defendant has made a
> threshold showing that the challenged cause of action is one

HYDE & SWIGART
San Diego, California

arising from protected activity.  The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute.   (§ 425.16, subd. (b)(1).)   If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.

*Id*, citing *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal. Rptr. 2d 507, 52 P.3d 685].

> (i)  *Defendant has not demonstrated that the challenged cause of action is one arising from protected activity.*

Defendant has not demonstrated that the challenged cause of action is one arising from protected activity, and this cannot be demonstrated because the activity challenged is illegal activity.  Cal. Civ. Code § 425.16 does not apply to an illegal act on the part of defendant, even if that act is in furtherance of defendant's right of petition or free speech within the meaning of Code Civ. Proc. § 425.16.   See, e.g., *Paul for Council v. Hanyecz* (2001) 85 Cal. App. 4th 1356, 1367, 102 Cal. Rptr. 2d 864, *overruled in part* by *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53, 67, 124 Cal. Rptr. 2d 507 ; *People ex. rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal. App. 4th 280, 285, 103 Cal. Rptr. 2d 71.

> (ii) *Debt collection violations are not protected by California's Code Civ. Proc. § 425.16.*

The Southern District of California has already held that Defendant's theory lacks merit – the Code Civ. Proc. § 425.16 does not apply to debt collectors trying to collect on a debt.  As the South District has noted, "The stated intent of the anti-SLAPP statute is 'to encourage continued participation in matters of public significance.' " *Rouse v. Law Offices of Rory Clark*, 465 F. Supp. 2d 1031, 1037 n. 5 (S.D. Cal. 2006)  "The court notes that although debt collection practices, issues of privacy, and personal identity protections are matters of considerable public interest

HYDE & SWIGART
San Diego, California

these days, the interactions between [consumers and debt collectors] cannot reasonably be construed other than as involving a particular private dispute." *Id*. The *Rouse* court went on to say that, "In order to meet their threshold burden, [the defendant] must demonstrate [the plaintiff's] challenged claims are *based* on conduct in the exercise of Defendants' protected rights." (Internal citations omitted, italics are the court's.) *Id*.

In *Rouse,* the court refused to find that the activities of a debt collector met the first prong because "the communications giving rise to this lawsuit occurred between private parties and relate to transaction affecting only the actual debtor, [and] the tactics Defendants used to pursue collection of a particular debt...." 465 F. Supp. 2d at 1038.   And, just as here, the court pointed out their could be no matters of public significance, as "[t]he Complaint and briefing in connection with the anti-SLAPP motions raise no suspicion he [the defendant] pursues his claims other than to succeed on the merits." [citations].

The Southern District's position is bolstered by the fact that both the FDCPA and the Rosenthal Act are specifically designed to protect the privacy interests of consumers, and protect those interests from being made public.  Congress wrote the FDCPA, in part, to address "invasions of individual privacy" by debt collectors. 15 U.S.C. § 1692(a).   Ignoring this, Defendant argues that its collection efforts are a matter of public significance.  They clearly are not.

> *(iii) Plaintiff has stated and substantiated a legally sufficient claim.*

If a court ruling on an anti-SLAPP motion concludes the challenged cause of action arises from protected petitioning, it then "determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Equilon*, supra, 29 Cal. 4th at 67.  To satisfy this second prong, the plaintiff must "state[] and substantiate[] a legally sufficient claim."  *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 412. "Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie

HYDE & SWIGART
San Diego, California

showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' "  *Jarrow*, supra, 31 Cal.4th at 741, *citing Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal. Rptr. 2d 19, 50 P.3d 733].

"However, a cause of action may only be stricken under the anti-SLAPP statute if it arises from protected speech or petitioning activity and lacks even minimal merit. … Where a cause of action refers to both protected and unprotected activity and a plaintiff can show a probability of prevailing on *any part of its claim*, the cause of action is not meritless and will not be subject to the anti-SLAPP procedure."  *Mello v. Great Seneca Financial Corp.*, 526 F. Supp. 2d 1024, 1029 (C.D. Cal. 2007) citing *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 106, 15 Cal. Rptr. 3d 215 (2004) (internal citation omitted, and emphasis in original).

Here Plaintiff has demonstrated that she will prevail not only on one of the two alleged violations, but both.  As argued above, Defendant violated the FDCPA and the Rosenthal Act by failing to provide proper notice.   Defendant further violated by failing to provide consumers with the "amount of the debt," as required. Consequently, Defendant's attempt to invoke *Code Civ. Proc. § 425.16* is meritless.

**5.   Defendant's request for attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) is premature, unwarranted, and meant only to intimidate.**

   *A)   Defendant is falsely representing to this Court that Defendant believes the underlying debt is undisputed.*

Defendant tries to falsely paint Plaintiff as an irresponsible person that refuses to accept responsibility for her debts.  In arguing its request for attorneys' fees and costs, Defendant represents to the Court that Plaintiff is suing, not because Defendant violated the law, but because the creditor had "the temerity of requesting that she pay what she owes."   Defendant knows perfectly well this is not true. Defendant represents the creditor.  Does he really expect the Court to believe that, as the creditor's attorney, he does not know his client is being sued in state court by

HYDE & SWIGART
San Diego, California

1    Plaintiff because his client is attempting to collect thousands of dollars that are not

2    owed?  Plaintiff is a victim of fraud, and Defendant must know this.

3          *B) 15 U.S.C. § 1692k(a)(3) requires a finding by the Court of bad faith*

4          *and the purpose of harassment, and this is a high standard.*

5       An award under 15 U.S.C. § 1692k(a)(3) requires the defendant first prevail,

6    and the district court must then make <u>two</u> findings before it may award attorneys'

7    fees and costs to the defendant.  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170,

8    1177 (9th Cir. 1995)  ("We stress that the district court must make detailed findings

9    in support of any award.")   First, the district court must find that the action was

10    "brought in bad faith" and second, the that the action was brought "for the purposes

11    of harassment."   Defendant, who has not prevailed, argues neither bad faith nor a

12    purpose to harass, much less both.   Further, the Ninth Circuit has held that the

13    standard for determining that an FDCPA action is brought in bad faith and for the

14    purpose of harassment is high.   In *Guerrero v. RLM Acquisations LLC*, 499 F.3d

15    926 (2007), the Ninth Circuit found that "minimally colorable" arguments are

16    adequate to avoid a finding of bad faith and purpose of harassment under the

17    FDCPA.  *Id*, at 940.  See also, *FDIC v. Schuchmann*, 319 F.3d 1247, 1250 (10th Cir.

18    2003), quoting *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435

19    (10th Cir. 1984).  ("A party acts in bad faith only when the claim brought is entirely

20    without color and has been asserted wantonly, for purposes of harassment or delay,

21    or for other improper reasons.")

22   **IV.   CONCLUSION**

23       It is axiomatic that debt collectors tend to be abusive, and Defendant is no

24    exception.  Discussions concerning whether Defendant violated the FDCPA and the

25    Rosenthal Act by failing to provide proper notice and the amount of the debt can be

26    excused as proper arguments, albeit poorly researched.   However, Defendant's

27    attempts at invoking every attorneys' fees provision it can think of are frivolous.

28    These attacks are meant only to intimidate consumers who, as Defendant knows

HYDE & SWIGART
San Diego, California

1   only too well, are financially distressed and hardly in a position to endure such a

2   ruling.  Rather than properly research the law and take responsibility for its actions,

3   Defendant chooses a transparent attack on the plaintiff in the hope that she will be

4   intimidated enough to dismiss a meritorious case.

5        For the above reasons, Defendant's motion should be denied in its entirety.

6

7   Respectfully submitted,

8   Date: February 17, 2009                    **Hyde & Swigart**

9

10                               By:  _/s/Robert L. Hyde_____
                                      Robert L. Hyde
11                                    Attorneys for the Plaintiff