John A. Mayers, Esq. (CSB #149149)
MULVANEY, KAHAN & BARRY LLP
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619 238-1010
Facsimile: 619 238-1981
Email: jmayers@mkblaw.com

Attorneys for Defendant LAW OFFICE OF DANIEL J. HORWITZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA WELKER,<br><br>      Plaintiff,<br><br>v.<br><br>LAW OFFICE OF DANIEL J. HORWITZ,<br><br>      Defendant. | CASE NO. 08-CV-2259-IEG-WMc<br><br>SEPARATE STATEMENT OF FACTS IN EVIDENCE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Date:  March 22, 2010<br>Time:  8:30 a.m.<br>Crtrm:  1, 4th Floor<br>Honorable Irma E. Gonzalez |

***RE: ROSENTHAL ACT CLAIM:***

| | |
|---|---|
| FACT NO. 1:<br><br>Horwitz is not a law firm. | EVIDENCE SUPPORTING FACT NO. 1:<br><br>Horwitz Declaration, ¶ 2; Exhibit "O" 13:15-14:3. |
| FACT NO. 2:<br><br>The validation notice that forms the basis for this action was served on Plaintiff by Horwitz in his capacity as an individual attorney per the express language therein. | EVIDENCE SUPPORTING FACT NO. 2:<br><br>Horwitz Declaration, ¶ 5; Exhibit "A" thereto, final page. |

**RE:  LITIGATION PRIVILEGE**

| FACT NO. 3: | EVIDENCE SUPPORTING FACT NO. 3: |
|---|---|
| The only communication and the only time the challenged validation notice that forms the basis for this action was tendered to Plaintiff was as part of a litigation package where plaintiff was served with the state court lawsuit. | Horwitz Declaration, ¶ 3; Exhibits "A" and "B" thereto;  Exhibit "O" 10:2-3; 12:17-18; 14:1-2. |

| FACT NO. 4: | EVIDENCE SUPPORTING FACT NO. 4: |
|---|---|
| Plaintiff has made an evidentiary admission under penalty of perjury that Horwitz has not violated the Rosenthal Act. | Horwitz Declaration, ¶¶ 6-7; Exhibits "C" and "D" thereto. |

**RE: BONA FIDE ERROR DEFENSE**

| FACT NO. 5: | EVIDENCE SUPPORTING FACT NO. 5: |
|---|---|
| Horwitz made a search error that resulted in the use of the outdated validation notice that was sent to plaintiff despite reasonable good faith efforts to avoid such errors. | Horwitz Declaration, ¶¶ 17-18; Exhibit "A" thereto. |

| FACT NO. 6: | EVIDENCE SUPPORTING FACT NO. 6: |
|---|---|
| Horwitz has received extensive training and utilized extensive resources to practice law in the area of debt collection. | Horwitz Declaration, ¶ 9. |

| FACT NO. 7: | EVIDENCE SUPPORTING FACT NO. 7: |
|---|---|
| Prior to April 16, 2008, Horwitz had been using a self-prepared form for his validation notices. | Horwitz Declaration, ¶¶ 10-11; Exhibits "E" and "F". |

| | |
|---|---|
| **FACT NO. 8:** | **EVIDENCE SUPPORTING FACT NO. 8:** |
| The pre-April 16, 2008 form for validation notices was used for other clients as well. | Horwitz Declaration, ¶ 11; Exhibit "G" and incorporated herein by reference. |
| **FACT NO. 9:** | **EVIDENCE SUPPORTING FACT NO. 9:** |
| On April 16, 2008, Horwitz attended a collection law seminar given by Ronald H. Sargis.  Horwitz took advantage of having Mr. Sargis available to him and elected to show him the form of validation notice he had been using.  Mr. Sargis noted that he was potentially violating collection laws by not:  (1) stating a firm amount in the validation notice; and, (2), requiring that the responses to the validation be in writing. | Horwitz Declaration, ¶ 12; Exhibit "H" and incorporated herein by reference. |
| **FACT NO. 10:** | **EVIDENCE SUPPORTING FACT NO. 10:** |
| Based on Mr. Sargis' recommendations, Horwitz elected to change his validation notices to conform to his advice.  Horwitz also decided to begin using the revised validation notices as quickly as practical and to have the computer system at his office distribute a revised validation form to every directory from which a validation notice would thereafter be generated. That revised validation notice was designated as the new form for such notices. | Horwitz Declaration, ¶ 13, lines 4-9. |
| **FACT NO. 11:** | **EVIDENCE SUPPORTING FACT NO. 11:** |
| As contemplated by Horwitz, commencing April 17, 2008, validation notices from him were corrected to reflect:  (1) a firm amount due; and, (2) that the validation requests should be in writing to preserve certain rights. | Horwitz Declaration, ¶ 14, lines 10-15; Exhibits "I" and "J". |

3

| | |
|---|---|
| FACT NO. 12: | EVIDENCE SUPPORTING FACT NO. 12: |
| Prior to April 27, 2008, Horwitz read a clause in a validation notice regarding the right of the debtor with respect to being served with a lawsuit. As all of Horwitz's validation notices are always served with a lawsuit, he thought this language would be appropriate to include in his validation notices. As such, from April 27, 2008 to May 12, 2008, he worked on and completed another revision to be incorporated into his recently revised validation notices. | Horwitz Declaration, ¶ 15, lines 16-22; Exhibit "K". |
| FACT NO. 13: | EVIDENCE SUPPORTING FACT NO. 13: |
| After May 12, 2008, it was Horwitz's intention to only use the new, updated version of the validation notice, which he believes complies with all applicable collection laws. | Horwitz Declaration, ¶ 16, lines 23-25; Exhibits "L," "M," and "N". |
| FACT NO. 14: | EVIDENCE SUPPORTING FACT NO. 14: |
| The State Court Collection Litigation (and the companion matter with Ms. Curiel), was the first time Horwitz was retained directly by Ambulatory Care Surgery Center rather than by California Accounts Service, the collection agency as their assignee. After the retention, Horwitz prepared the Complaint for the State Court Collection Litigation and performed a computer search for a validation notice that used the name "Ambulatory Care Surgery Center." Unfortunately, Horwitz's search program also searched older files. The validation notice located and ultimately used as a template was a pre-April 16, 2008 version. | Horwitz Declaration, ¶ 17. |

4

SEPARATE STATEMENT OF FACTS IN EVIDENCE IN OPPOSITION TO       08-CV-2259-IEG-WMc
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| FACT NO. 15: | EVIDENCE SUPPORTING FACT NO. 15: |
|---|---|
| Horwitz recognized that the validation notice looked different from his current version. Horwitz then added the paragraph reflected in Exhibit "K," but through error, failed to also correct the "principal amount due" language and the "written notice" language. | Horwitz Declaration, ¶ 18; Exhibit "K". |

| FACT NO. 16: | EVIDENCE SUPPORTING FACT NO. 16: |
|---|---|
| This type of error has never happened before or since. Horwitz took reasonable precautions to avoid this error by updating all the older validation notice versions as the form is updated and/or improved. Horwitz simply made a search error. Horwitz has since archived all of the obsolete validation notices, and amended his search parameters to now avoid archived files, so that the error will not be repeated. | Horwitz Declaration, ¶ 19. |

DATED:   March 8, 2010

MULVANEY, KAHAN & BARRY LLP

By: /s/ John A. Mayers
    John A. Mayers, Esq.
Attorneys for Defendant LAW OFFICE OF DANIEL J. HORWITZ

HORD.101.219874.1

LAW OFFICES
**MULVANEY, KAHAN & BARRY**
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981