Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:    (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Erica Welker<br><br>                    Plaintiff,<br><br>v.<br><br>Law Office of Daniel J. Horwitz<br><br>                    Defendant. | Case No: 08cv2259 IEG (WMc)<br><br>**Plaintiff's Reply To Defendant's Opposition To Plaintiff's Motion for Summary Judgment**<br><br>Date: March 1, 2010<br>Time:  10:30 AM<br><br>Location: U.S. District Court<br>               Federal Courthouse,<br>               940 Front Street,<br>               Courtroom #1, 4th Floor<br>               San Diego, CA<br><br>Judge:  Hon. Irma E. Gonzalez |

I.   ARGUMENT

A.   PLAINTIFF'S SUBSTANTIVE ARGUMENTS GO UNOPPOSED

The three substantive issues presented by the plaintiff are now unopposed. That is, 1) whether a debt collector violates the FDCPA when it fails to advise consumers in its initial communication that the consumer must make certain disputes "in writing." Also, 2) whether a debt collector violates California's Rosenthal Fair Debt Collection Practices Act when it fails to provide consumers with certain notices pursuant to Cal. Civ. Code § 1812.700. And finally, 3) whether a debt collector violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") when it fails to state in its initial communication with the consumer that the full amount of the alleged debt is unopposed and established.

The defendant has conceded these issues and waived a response, instead looking to various defenses. All of these arguments fail.

B.   DEFENDANT MUST INCLUDE THE NOTICE MANDATED BY CAL. CIV. CODE § 1812.700

In paragraph 31 of her complaint, the plaintiff alleges that the defendant is a *third party debt collector* as envisioned by the Cal. Civ. Code § 1812.700. Such collectors must include the notice mandated by Cal. Civ. Code § 1812.700 and § 1812.701, and the failure to provide that notice violates California's Rosenthal Act. *See Cal. Civ. Code § 1812.702*.

The defendant cites a great deal of authority discussing whether he is a debt collector under the Rosenthal Act. And while the plaintiff disagrees with the defendant's conclusions on this issue, it is all irrelevant.

Cal. Civ. Code § 1812.700 specifically states that the notice must be given by "third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.)." The Supreme Court of the United States has held that attorneys, even those engaged in litigation, are debt collectors under the FDCPA. See *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) (Rejecting the notion that there is an implicit exemption for litigation activities: ''The Act does apply to lawyers engaged in litigation … In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts.''). Consequently, by its plain

HYDE & SWIGART
San Diego, California

1  language, Cal. Civ. Code § 1812.700 requires the defendant include the notice, and it is
2  undisputed that the defendant did not do that, thereby violating California's Rosenthal Act.

    **C. THE DEFENDANT HAS NOT MET ITS BURDEN WITH REGARD TO THE BONA FIDE ERROR**

        **1. THE STANDARD FOR THE BONA FIDE ERROR, 15 U.S.C. § 1692K(C)**

The FDCPA is strict liability.  See *Reichert v. National Credit Systems, Inc.* 531 F.3d 1002, 1004 (9th Cir, 2008)  ("After the district court ruling, and after this appeal was briefed, our court decided [*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)], which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.")  California's Rosenthal Act is also strict liability.  *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007), fn 7. ("The FDCPA and [California's Rosenthal Act]  are "strict liability" statutes. [citations]")   The FDCPA provides a "narrow exception to strict liability," however, for bona fide errors. *Clark*. at 1177.

The FDCPA's statutory bona fide error defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002 (9th Cir. 2008), quoting 15 U.S.C. § 1692k(c).  In concluding that the FDCPA imposes strict liability, the *Clark* court reasoned that allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous. *460 F.3d at 1176*.  Consequently, any violation is strict liability.

The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). See also, *Reichert*, 531 F.3d at 1006.  The bona fide error defense requires the defendant show that it maintains procedures to avoid errors. *Id*., citing *Clark* at 1176-77.  The procedures must be reasonably adapted to avoid <u>the specific error at issue</u>.  *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006).  The Ninth Circuit has held that a debt collector fails to meet its burden under the defense when it does not produce evidence of "reasonable preventive procedures" aimed at avoiding the error. See *Reichert*, 531 F.3d at 1006, quoting *Fox*, 15 F.3d at 1514.  When a debt

HYDE & SWIGART
San Diego, California

1  collector is mistaken about the law, this is <u>insufficient</u> by itself to support the bona fide error
2  defense. *Baker v. G. C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982).

3        The defendant believes that if he can meet his burden as to a factual issue regarding his
4  intent the case must go before a jury. This is untrue. The defendant does not meet that burden,
5  but even if he did the bona fide error defense requires he meet *all of the elements* to escape
6  liability, not just one of them. Consequently, even if the defendant did raise an issue of fact as to
7  intent, there would be no jury question without establishing the other elements.

8      **2.**  **BY DEFENDANT'S OWN ADMISSION, DEFENDANT DELIBERATELY DECIDED TO USE**
9          **LETTERS THAT FAILED TO ADHERE TO 15 U.S.C. § 1692g. ITS FAILURE TO**
10         **DISCLOSE WAS INTENTIONAL.**

11       In *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. Ga. 2009), a debt
12 collector was alleged to have violated a portion of the FDCPA that required the debt collector
13 provide certain notices. The court looked at the issue of intent and held that the debt collector had
14 acted intentionally. "[The debt collector] cannot make the first required showing. Section
15 1692e(11) requires a debt collector "to disclose in subsequent communications that the
16 communication is from a debt collector." 15 U.S.C. § 1692e(11). By its own admission, [the debt
17 collector] deliberately decided not to disclose in the messages it left that the caller was a debt
18 collector. Its failure to disclose was intentional." *Edwards*, 584 F.3d at 1353.

19       Here the defendant admits to doing the same. In his declaration attached to his response
20 in opposition, hereinafter *Decl Horwitz*, in paragraphs 11-16, the defendant makes it very clear
21 that it was he and he alone that deliberately decided to use certain letters. And while the
22 defendant may claim he did not know the language was legally insufficient, an error of law does
23 not support a bona fide error. *Baker v. G. C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982)
24 ("Reliance on advice of counsel or a mistake about the law is insufficient by itself to raise the
25 bona fide error defense.") Consequently, as the court found in *Niagara*, the defendant's failure to
26 disclose was intentional.

27     **3.**  **THERE WAS NO "ERROR" HERE.**
28       Defendant claims that the purported "error" that occurred here was "clerical." The reason

for this is simple, "clerical errors" are the only errors recognized by most courts. In reality, there was no error, only negligence on the part of the defendant.

### i. DEFENDANT'S "COMPUTER GLITCH" DEFENSE IS UNAVAILING.

Defendant cites two *unpublished decisions*, in other jurisdictions as standing for the proposition that when a "computer glitch" takes place, such a "glitch" is clerical error. Plaintiff objects to the defendant's citing of these unpublished decisions. Further, the defendant has not even attempted to established what this "glitch" might be in this case, other than to vaguely claim that "the clerical error occurred only as a result of a glitch in the computer search program." What evidence supports this conclusory claim goes unexplained, and it is difficult to imagine how the defendant could now determine this happened sixteen months ago. It appears to be speculation, or merely, wishful thinking. Further, the defendant claims that, amazingly, the only two cases where this happened were the cases where he was sued [*Welker* and its settled sister case, *Curial*]. *See the defendant's response, pg 10, ln 8*. This conclusory claim is unreasonable, and a conclusory declaration from the defendant is inadequate to establish such a "bona fide error." In *Reichert*, the Ninth Circuit stated:

> If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. [citations]. Only then is the mistake entitled to be treated as one made in good faith. Because [the defendant] submitted only a conclusory declaration stating that it maintained procedures, we hold that it failed to establish a bona fide error defense under the FDCPA.

### ii. DEFENDANT'S PURPORTED TRAINING AND REVIEW OF LITERATURE DO NOT SUPPORT A FINDING OF BONA FIDE ERROR.

Literature and classes are safeguards directed to avoid mistakes of law and do not support the bona fide error defense. See *Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 945 (D. Ariz. 2003). ("…even if implemented, such safeguards [classes and FDCPA literature] are apparently directed to avoid mistakes of law.") The Ninth Circuit has held that such reliance is insufficient to support a bona fide error defense. See *Baker v. G. C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982)

("Reliance on advice of counsel or a mistake about the law is insufficient by itself to raise the bona fide error defense.")

### 1. DEFENDANT DID NOT MAINTAIN PROCEDURES REASONABLY ADAPTED TO AVOID THE SPECIFIC ERRORS.

Any procedures must be reasonably adapted to avoid <u>the specific error at issue</u>. *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006). The Ninth Circuit has held that a debt collector fails to meet its burden under this defense when it does not produce evidence of "reasonable preventive procedures" aimed at avoiding the error. See *Reichert*, 531 F.3d at 1006, quoting *Fox*, 15 F.3d at 1514. The defendant here asserts that its procedure was a *general one*. Defendant claims to read books, attend seminars, and read web sites. This does not establish reasonable preventive procedures aimed at avoiding the specific error that occurred.

Further, if it is true that the defendant "Subscribe[s] to and regularly use[s] and review[s] materials and updates provided by the National Consumer Law Center's Fair debt collection handbooks and CD ROM materials," *Decl Horwitz, ¶ 9*, he has not paid attention to the excellent advice in this publication. The <u>National Consumer Law Center's Fair Debt Collection Handbook</u>, Fifth Edition, ("Handbook"), specifically warns debt collectors not to do *exactly* what the defendant did here that caused him to violate the law. On page 221 of the Handbook, the authors spell out what is required in the notice under 15 U.S.C. § 1692g in a section appropriately entitled "**Content of Validation Notice**." The first sentence of this section states, "An incomplete statement of the 15 U.S.C. § § 1692g(a)(1) through (5) rights violates the Act." This section goes on and warns "The validation notice should not state that the consumer must use a writing to raise a dispute that overcomes the 15 U.S.C. § 1692g(3) assumption by the debt collector that the debt is valid." *Handbook, pg 224 section 5.7.2.6.2 entitled "Notice should indicate that oral disputes overcome collector's presumption of validity of debt."* On page 221, the Handbook cites the Ninth Circuit's *Baker v. G. C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982), fn 997. On page 226, in a section entitled "5.7.2.6.3 Debt collector must disclose amount of the debt", the book explains that "Many collectors, however, state only a part of the balance of the debt and state that additional fees or charges, like attorney fees or service charges, are also owed without specifying

the amount of the additional charge." The Handbook then cites one of the cases the plaintiff relies on for the premise that this is illegal, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). This publication that the defendant claims to "subscribe to and regularly use and review," is an excellent book that provides a plethora of case citations and advice on the do's and don'ts of debt collection, and the plaintiff supplies the pertinent section here for the Court's convenience. *See Plaintiff's Exhibit 1*. However, obtaining this material is not maintaining procedures reasonably adapted to avoid the error; it is merely buying a book. Even assuming such an action could be characterized as a "procedure," the procedure would also have to include actually reading the book and relying on the material to ones detriment. If the defendant here had actually read the material in the Handbook and adhered its contents, no violation would have taken place. Buying the book and not following its specific advice is not reasonable. See *Clark*, 460 F.3d at 177. (Any attempt to use the representations of other sources to support a bona fide error must demonstrate reliance was reasonable.) Consequently, even if the Court accepted the defendant's claim that reading literature and attending classes is a reasonable procedure, the defendant would have to demonstrate some reliance on erroneous information in those materials. He does not, and for good reason – the material is accurate, he simply did not heed it.

      **1.**    **DEFENDANTS "NEW LETTERS" ARE NEARLY AS BAD AS THE "OLD LETTERS."**

When a debt collector fails to provide any evidence that the 15 U.S.C. § 1692g requirements are normally a part of correspondence directed to a debtor, the bona fide error defense fails to apply in that case. *Sutton v. Law Offices of Alexander L. Lawrence*, 1992 U.S. Dist. LEXIS 22761 (D. Del. June 17, 1992). That is the case here.

In his declaration, the defendant discusses how he used to use an old version of the notice required by 15 U.S.C. § 1692g ("old version letter"), but now uses a new version of the notice required by 15 U.S.C. § 1692g ("new version letter") because on April 16, 2008, a lecturer, Ronald H. Sargis, advised him the notices in his old version letter were defective because they violated the very provisions of the law the plaintiff complains of in her complaint, and for the same reasons. (Sargis apparently did not discuss the defendant's violation of California's

1  Rosenthal Act, however.)  The defendant offers a number of examples of the <u>old version letter</u>,

2  (see *Decl Horwitz,* Exhibits A, E, F, and G, all dated *before* April 17, 2008), and, indeed, all these

3  examples do violate the law as the plaintiff has argued here.

4      The defendant then claims that thereafter, he began using the <u>new version letter</u>, and to

5  support this contention the defendant offers a number of examples of the <u>new version letter</u> (see

6  *Decl Horwitz*, Exhibits I, J, K, L, M, and N, all dated *after* April 16, 2008.)

7      However, <u>the notices in these new letters also violate the FDCPA</u>.  These notices state,

8  "Unless you notify this office **in writing** within 30 days after receiving this notice that you

9  dispute the validity of the debt or any portion thereof, this office will assume the debt is

10 valid." (Bold added.)  As the plaintiff argued in her opening brief, *Camacho v. Bridgeport Fin.*

11 *Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) establishes that this language violates the FDCPA.  In

12 *Camacho*, the Ninth Circuit held that a debt collector violates the FDCPA when it adds the phrase

13 "in writing" to 15 U.S.C. § 1692g(a)(3) because that phrase does not exist in the statute.  A

14 warning to debt collectors not to do this is expressly included in the Handbook that the defendant

15 claims to "subscribe to and regularly use and review." See *Handbook*, page 224 section 5.7.2.6.2

16 entitled "Notice should indicate that oral disputes overcome collector's presumption of validity of

17 debt," stating, "The validation notice should not state that the consumer must use a writing to

18 raise a dispute that overcomes the 15 U.S.C. § 1692g(3) assumption by the debt collector that the

19 debt is valid."  The defendant here again ignores this advice.

20     In summary, the notices included in the defendant's letters, <u>old and new</u>, have always

21 violated the FDCPA. The defendant has *never* provided a consumer a valid notice.  If fact, *even*

22 *today*, every letter the defendant sends out to consumers continues to violate the law, exposing the

23 defendant to further liability.

24     **2.**  **DEFENDANT'S CLAIMS OF BEING AN EXPERT SUPPORTS HIS LIABILITY.**

25     On page 8, lines 11-15 of his response in opposition to plaintiff's motion for summary

26 judgment, the defendant states that "practicing law is not a hobby for Horwitz; it is his vocation."

27 As he says, "the success and survival of his collection law practice depends on adhering to the

28 mandate of the law and avoiding mistakes amounting to violations of the FDCPA or the Rosenthal

HYDE & SWIGART
San Diego, California

Act." (For this purpose, the defendant now <u>concedes</u> California's Rosenthal Act applies to him.) Defendant apparently believes that specializing in debt collection helps his position. It does not.

Both the FDCPA and California's Rosenthal Act apply only to persons who *regularly* collect debts. *See 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c)*. Dilettante's are exempt. *Id*. If the Court accepted the defendant's position, that being a debt collection specialist means he is spared under the law, no one would be liable under these statutes.

### B. DEFENDANT'S STATE INTERROGATORY ARGUMENT IS IRRELEVANT.

The defendant argues that because the plaintiff never states the defendant violated the Rosenthal Act in the underlying state action, this has some bearing on this case. It does not. As the defendant correctly points out in his response, on page 6, lines 14-16, "More specifically, **in the context of the collection action** (and Plaintiffs Cross-Complaint), the interrogatory sought disclosure of those whom Plaintiff believed violated the Rosenthal Act." (Bold added.) The defendant was not a party in the collection action, and any request as to who may have violated the Rosenthal Act in the state's form interrogatories applies only to the parties in that action.

### C. AS THE COURT HAS ALREADY HELD, CALIFORNIA'S LITIGATION PRIVILEGE DOES NOT APPLY UNDER THESE CIRCUMSTANCES

On January 20, 2009, the defendant filed a "Motion to Dismiss Complaint pursuant to FRCP 12(b)(6) and California Anti-SLAPP legislation; and Request for Fees and Costs by Law Office of Daniel J. Horwitz." *Court docket #8*. In this motion the defendant claimed the plaintiff could not prevail in her lawsuit because Defendant's actions were "Absolutely Privileged Under California Law." *Defendant's points and authorities, Section VI, pg 6-8*. The court addressed and rejected defendant's identical current argument in its June 16, 2009 order, *Court docket #17*, but the defendant now hopes for a second bite at that apple. This should again be rejected for the same reason it was rejected before.

#### 1. CALIFORNIA'S LITIGATION PRIVILEGE DOES NOT APPLY TO THE FDCPA OR CALIFORNIA'S ROSENTHAL ACT

As the Court point out in it previous Order, "In *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995), the Supreme Court held that the FDCPA "applies to attorneys

HYDE & SWIGART
San Diego, California

who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." [citations]. 626 F. Supp. 2d at 1072." Consequently, the federal FDCPA is not subject to any state litigation privilege. As to California's Rosenthal Act, the Court addressed that, too:

> Since *Heintz*, many courts within the Ninth Circuit have refused to apply the privilege in cases similar to the one at bar. *Yates v. Allied Int'l Credit Corp.*, 578 F. Supp. 2d 1251, 1255 (S.D. Cal. 2008); *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666, at *14-*16 (S.D. Cal. Aug. 28, 2008) (declining to apply the privilege to alleged violations under California's Rosenthal Act). Accordingly, the Court finds ample authority that the privilege should not be applied to claims arising under the FDCPA or California's Rosenthal Act.

*Welker v. Law Office of Daniel J. Horwitz*, 626 F. Supp. 2d 1068, 1072 (S.D. Cal. 2009).

Defendant gives the false impression that the court in *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324 (Cal. App. 1st Dist. 2009) improperly relied on this Court's ruling. It did not. In *Komarova,* the court held that while some decisions "found the privilege to be applicable," "most have concluded that the privilege must yield in this context." (Citing eight cases, including this Court's.) As the *Komarova* court concluded, "We agree with the majority of these cases that the privilege cannot be used to shield violations of the [Rosenthal Act]."

Defendant now argues that the Court erred in its previous order. However, the defendant is confused. The comment the defendant looks to on page 4, lines 2-4, of his response in opposition are regarding the anti-SLAPP action and whether the letter was a protected activity under Cal. Civ. Code § 425.16, subd. (b)(1), not the issue of litigation privilege.[1]   However, that is not the issue here. Here we have the issue of whether Cal. Civ. Code § 47 applies to California's Rosenthal Act. The Court has already held it does not. And the *Komarova* court agreed, laying this out in thoughtful detail, along with at least eight other courts.

Furthermore, the plaintiff does not even claim the defendant violated the Rosenthal Act as it is laid out in the statutory language. Instead, Defendant failed to provide the notice mandated

---

[1] And the Court was clearly correct on this issue, see *Rouse v. Law Offices of Rory Clark*, 465 F. Supp. 2d 1031, 1037 n. 5 (S.D. Cal. 2006) (A letter sent to a consumer by a debt collector cannot be reasonably construed other than as involving a particular private dispute and is not, therefore, a protected activity under California's anti-SLAPP statute, Cal. Civ. Code § 425.16, subd. (b)(1).)

by Cal. Civ. Code § 1812.700 in its letter. *See the plaintiff's complaint, ¶ 31*. Cal. Civ. Code § 1812.700 is not part of California's Rosenthal Act, but instead creates a violation of the Rosenthal Act pursuant to Cal. Civ. Code § 1812.702. Consequently, it does not use the Rosenthal Act's definition "debt collector." Instead, California's legislature expressly imposes Cal. Civ. Code § 1812.700 on "<u>third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.</u>) (Underscore added.)" As demonstrated above, this includes attorneys, involved or uninvolved in litigation.

As the court in *Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889 noted, "In construing any statute, "[w]ell-established rules of statutory construction require us to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law. [Citation.] We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.]" (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715-716 [3 Cal. Rptr. 3d 623, 74 P.3d 726].) *Juarez,* 152 Cal. App. 4th at 900. See also *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1168 (9th Cir. 2006). ("Well-established canons of statutory construction provide that any inquiry into the scope and meaning of a statute must begin with the text of the statute itself.")

**II.    CONCLUSION**

If a debt collector (and here, a lawyer) escaped liability by simply saying, "I had the resources to know the law, I just did not read them or follow them, and that was an error," the federal FDCPA and California's Rosenthal Act would have no teeth whatsoever, instead of being the powerful strict liability statutes that they were meant to be. Negligence is not bona fide error.

For the reasons provided here, Plaintiff's Motion for Summary Judgment should be granted in its entirety.

Respectfully submitted,                **Hyde & Swigart**

Date: March 15, 2010                   By:/s/ Robert L. Hyde
                                           Robert L. Hyde
                                           Attorneys for the Plaintiff