# Plaintiff's Exhibit 1

The National Consumer Law Center's

Fair Debt Collection Handbook

Fifth Edition

_____

Erica Welker

v.

Law Office of Daniel J. Horwitz

08cv2259 IEG (WMc)

*The Consumer Credit and Sales Legal Practice Series*

**DEBTOR RIGHTS LIBRARY**

# FAIR DEBT COLLECTION

**FIFTH EDITION**



**With CD-Rom**

**National Consumer Law Center**

communications[995] would preclude the collector from sending a notice of the consumer's validation rights. Another court held that a collection attorney who, before he learned of the bankruptcy, mailed a collection letter to a chapter 13 debtor was prohibited by the automatic stay under the Bankruptcy Code from subsequently mailing a validation notice under 15 U.S.C. § 1692g and was not liable for his FDCPA violation.[996]

### 5.7.2.6 Content of Validation Notice 

#### 5.7.2.6.1 The validation notice must be complete

An incomplete statement of the 15 U.S.C. §§ 1692g(a)(1) through (5) rights violates the Act.[997] However, a photocopy of 15 U.S.C. § 1692g is not a clear notice of the consumer's validation right since the language of the statute was not written to be understandable to unsophisticated consumers.[998] The language of the validation notice must be substantively the same as the statutory language[999] and must not

---

precluded summary judgment on issue of whether consumer's attorney waived debt validation notice requirement by telephoning collector's office within five days of initial communication to demand that communications cease).

995 See § 5.3.8, supra.

996 Maloy v. Phillips, 197 B.R. 721 (M.D. Ga. 1996). See also Buckley v. Bass & Assocs., P.C., 249 F.3d 678 (7th Cir. 2001) (letter inquiring about bankruptcy status, with no demand for payment, and not giving the §§ 1692e(11) or 1692g notices was not an effort to collect a debt. "[T]he inclusion of the language plaintiff claims was required under the FDCPA was forbidden by the Bankruptcy Code."); Young v. Manley, 2000 U.S. Dist. LEXIS 13035 (N.D. Ill. Sept. 6, 2000) (defendant law firm sent a letter to plaintiff's bankruptcy attorney threatening a nondischargeability proceeding based on the amount of credit card charges incurred just before bankruptcy. The letter contained neither of the required FDCPA notices. The consumer's attorney was not a "consumer" within the FDCPA and did not need its protections; a collector was, indeed, required to communicate with the attorney who represented the debtor. The letter was not an indirect collection effort. The 15 U.S.C. §§ 1692(e)(11) and 1692(g) count was dismissed.).

997 Baker v. G.C. Servs. Corp., 677 F.2d 775 (9th Cir. 1982); McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003) (failure to specify that any portion of the debt may be disputed and omitting the words "in writing"); Prevete v. Margolin & Meltzger, 1998 WL 426700 (E.D.N.Y. May 19, 1998); Altergott v. Modern Collection Techniques, 1994 WL 319229 (N.D. Ill. June 23, 1994); Bailey v. TRW Receivables Mgmt. Servs., Inc., Clearinghouse No. 45,769 (D. Haw. 1990) (failure to notify consumer that any portion of debt could be disputed and verified); Kaschak v. Raritan Valley Collection Agency, 1989 U.S. Dist. LEXIS 19103 (D.N.J. May 22, 1989) (failure to state may dispute debt in whole or in part); Halverson, FTC Informal Staff Letter (Nov. 15, 1993); Weiss, FTC Informal Staff Letter (Apr. 17, 1986) (omitted dispute of portion of the debt and request must be made within 30 days); Clement, FTC Informal Staff Letter (Nov. 12, 1985) (notice should refer to the debt not the "check" which was dishonored, the 30-day period for requesting verification, and the collector's obligation to verify); Custardo, FTC Informal Staff Letter (Jan. 28, 1980). See Dolan v. Schreiber & Assocs., P.C., 2002 U.S. Dist. LEXIS 6005 (D. Mass. Mar. 19, 2002) (magistrate recommendation), adopted 2002 U.S. Dist. LEXIS 5998 (D. Mass. Mar. 29, 2002) (allegations of a false representation of the identity of the original creditor stated a claim for relief.); Grief v. Wilson,

Elser, Moskowitz, Edelman & Dicker, L.L.P., 217 F. Supp. 2d 336 (E.D.N.Y. 2002) (failure to state that any request for verification of the debt or the identity of the original creditor must be in writing failed to disclose the specific amount of the debt.); McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002) (omitted dispute must be "in writing" and may dispute "any portion" of the debt). *But cf.* Bezpalko v. Gilfillan, Gilpin & Brehman, 1998 WL 321268 (E.D. Pa. June 17, 1998) (omission of right to dispute "any portion" of the debt did not violate FDCPA); Rosenberg, FTC Informal Staff Letter (Jan. 16, 1991).

998 Furth v. United Adjusters, Inc., 1983 U.S. Dist. LEXIS 20368 (D. Or. Nov. 17, 1983). *But cf.* Rosenberg, FTC Informal Staff Letter (Jan. 16, 1991).

999 *See* Baker v. G.C. Servs. Corp., 677 F.2d 775 (9th Cir. 1982) (omitted that portion of debt may be disputed); Carbajal v. Capital One, 2003 WL 22595265 (N.D. Ill. Nov. 10, 2003) (consumer stated a claim for relief for violating sec. 1692g(a) where the debt collector's validation notice stated that if the debtors made a payment, they still retained their right to dispute the debt for the full 30 day validation period in view of the allegation that making the payment itself could extinguish the dispute (e.g. revival of a debt disputed as time-barred).); Rosenburg v. Transworld Sys., Inc., 2000 U.S. Dist. LEXIS 5486 (N.D. Ill. Apr. 13, 2000) (summary judgment inappropriate where the dunning letter's capacity to mislead consumers about their validation rights was apparent—the letter stated the consumer should contact the creditor about disputes. However, the collector showed that it was frequently contacted by consumers requesting validation suggesting the letter was not confusing—an issue of fact for a jury.); Harvey v. United Adjusters, 509 F. Supp. 1218 (D. Or. 1981) (did not state the right to dispute a portion of debt and erroneously required any dispute to be in writing); Wegmans Food Markets, Inc. v. Scrimpsher, 17 B.R. 999 (Bankr. N.D.N.Y. 1982); Miller, FTC Informal Staff Letter (Jan. 20, 1978). *See also* McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003) (the court was unable to determine as a matter of law that the language "Federal Law provides that this debt will be assumed to be valid and owing" violated § 1692e(10) because § 1692g(a)(3) provides that the debt collector, not federal law, may assume the debt to be valid if not disputed and required additional proof, such as a consumer survey); Stebbins v. Allied Account Servs., 1991 U.S. Dist. LEXIS 21778 (D. Conn. Sept. 9, 1991) (collector violated the debt validation notice requirement by sending a dunning letter that requested the consumer telephone the collector, a demand contradicting the requirement that the consumer *write* to obtain validation of the debt, one week after it sent the debt validation notice. The validation notice was not made inadequate by failing to fully paraphrase 15 U.S.C. § 1692g(a)(4).); FTC Official Staff Commentary § 809(a), 3, 4, *discussed in* § 3.2.6, *supra* [reprinted in Appx. C, *infra*]; VerSteegh, FTC Informal Staff Letter (Apr. 4, 1988) (the FDCPA does not require a collector to advise a consumer of the right to defend a lawsuit [not addressed are threats that may be deceptive without that disclosure]); Samuels, FTC Informal Staff Letter (Nov. 1, 1979). *But cf.* Rosenberg, FTC Informal Staff Letter (Jan. 16, 1991) (approval given to a 15 U.S.C. § 1692g(a) notice, if the amount of debt was added. Overlooked was the incompleteness of the notice and its quoting the statute.

§ 5.7.2.6.1                    *Fair Debt Collection*

impose additional burdens on the consumer.[1000] The validation notice should be placed and written so as to effectively communicate validation rights to unsophisticated consumers.[1001] The debt collector should not misstate on the validation notice the time the debtor has to request validation as thirty days from the date of the notice rather than the statutorily required thirty days from the consumer's *receipt* of the notice.[1002] Additionally, the collector's address should be contained in the communication in which the validation notice is given.[1003]

A consumer's statement that, "I dispute the debt" is sufficient to dispute the validity of a debt under FDCPA. A debt collector may not use a validation notice that requires more. In *Castro v. ARS National Services, Inc.*,[1004] a district court in New York held that a debt collector violated the Fair Debt Collection Practices Act[1005] by including language in its validation notice that the least sophisticated consumer could read as imposing requirements beyond those set out in the FDCPA. According to the court, all that was needed to dispute the validity of a debt was a letter by the consumer with the statement, "I dispute the debt."

In *Castro*, the debt collector sent a validation letter to the consumer stating that she could notify its office by telephone that the debt or a portion of the debt was disputed. The court took issue with a list of six types of documents that the debt collector listed as suitable for dispute purposes. According to the collection letter, suitable dispute documentation included the following:

- A copy of the front and back of the processed payment;
- A final billing statement (with the original account number referenced) showing a zero balance;
- A dated letter from the original creditor advising the balance is zero;
- A letter from the original creditor or credit bureau agency stating the debt has been removed form their records; or
- Legal document(s) showing a discharge bankruptcy.

---

No staff discussion of the notice being conditioned in the dunning letter by the statement that the notice is only applicable to transactions involving a debt as defined by the FDCPA.); Clement, FTC Informal Staff Letter (Nov. 12, 1985) (precise statutory language need not be duplicated).

1000  *See* Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002) (initial dun containing the required § 1692g disclosure but reciting examples of "suitable dispute documentation" unlawfully suggested to the least sophisticated consumer that a dispute under § 1692g must be in writing, that some supporting documentation might be unsuitable, and that any documentation at all was required.); Whitten v. ARS Nat'l Servs., Inc., 2002 U.S. Dist. LEXIS 10828 (N.D. Ill. June 17, 2002) (court affirmed prior ruling and held that no evidence other than the collection letter was required in order for the court to determine that the letter violated the FDCPA because the additional phrase "suitable dispute documentation could include . . ." and attendant list, juxtaposed with the statutory right to dispute a debt within thirty days, created more than the mere potential for confusion and was as bad as an outright contradiction or inconsistency); Whitten v. ARS Nat'l Servs., Inc., 2002 U.S. Dist. LEXIS 9385 (N.D. Ill. May 23, 2002) (FDCPA was violated because the collection letter on its face impermissibly imposed a requirement that the consumer submit "suitable dispute documentation" to dispute a debt in contradiction to the plain language of 15 U.S.C. § 1692g(a), which makes no such requirement.); Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. May 3, 1999) (collection attorney's request that the consumer indicate the nature of the dispute was contrary to the plain language of § 1692g); Krisor, FTC Informal Staff Letter (Mar. 3, 1992) (collector may not add a charge for providing validation of a debt). *But see* Renick v. Dun & Bradstreet Receivable Mgmt. Servs., 290 F.3d 1055 (9th Cir. 2002) (collector's letter did not violate the FDCPA because it made clear that the phone company should be contacted only with questions pertaining to the phone account on which the debt was incurred, and that inquiries about the collection of the money owed should be directed to Dun & Bradstreet); Valdez v. Hunt, 2002 U.S. Dist. LEXIS 4575 (N.D. Cal. Mar. 19, 2002) (initial collection letter that referred the consumer to the creditor to make payment arrangements and then continued with the standard verification language inviting any dispute to be directed to the collector would not unlawfully confuse or mislead as to whom to direct any verification request); Sandlin v. Shapiro & Fishman, 919 F. Supp. 1564 (M.D. Fla. 1996) (court held that the debt collector did not violate 15 U.S.C. § 1692g validation notice requirement by charging consumers a $60 fee for providing payoff figures on delinquent loans as the FDCPA did not address the imposition of fees and the fee did not prevent the debtors from disputing the debt).

1001  *See* § 5.7.2.3, *supra*. *See also* Loigman v. Kings Landing Condo Ass'n, 734 A.2d 367 (N.J. Super. 1999) (validation notice which recited all notice requirements of § 1692g was in compliance with the FDCPA notwithstanding the fact that it did not cite the FDCPA).

1002  Cavallaro v. Law Offices of Shapiro & Kriesman, 933 F. Supp. 1148 (E.D.N.Y. 1996). *See* Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. May 3, 1999) (the assertion by a collection agent that "the law does not require me to wait until the end of the 30 day period before suing you to collect this debt" violated the FDCPA because, absent explanation, it contradicted the validation notice); Monokrousos v. Computer Credit, Inc., 984 F. Supp. 233 (S.D.N.Y. 1997) (complaint stated a claim for relief where collector's second letter shortened the 30-day time by which the consumer was permitted by the first letter to dispute the debt); Spears v. Brennan, 745 N.E.2d 862 (Ind. App. 2001) (failure to disclose clearly in § 1692g notice that the consumer had the right to dispute the debt, and stating that the consumer had 30 days to act but without stating that the 30 days was calculated from receipt of the notice, violated § 1692g).

1003  Wegmans Food Markets, Inc. v. Scrimpsher, 17 B.R. 999 (Bankr. N.D.N.Y. 1982) (failure to include collector's address in dunning letters (the address appeared on the envelope) was unfair since it nullified consumer's rights under 15 U.S.C. § 1692g(b)). *See* Dolan v. Schreiber & Associates, P.C., 2002 U.S. Dist. LEXIS 6005 (D. Mass. Mar. 19, 2002) (magistrate recommendation), *adopted* 2002 U.S. Dist. LEXIS 5998 (D. Mass. Mar. 29, 2002) (complaint's allegations of a consumer debt being collected by a debt collector who made a false representation of the identity of the original creditor stated a claim for relief.).

1004  2000 U.S. Dist. LEXIS 2618 (S.D.N.Y Mar. 8, 2000).

1005  15 U.S.C. § 1692.

The court found that, by listing the examples, the least sophisticated consumer could reasonably conclude that some form of documentation was necessary to dispute the debt. The court further found that providing a list of "suitable" documentation suggested that some types of documentation might be "unsuitable." Since all that is required under the FDCPA is a writing stating that all or a portion of a debt is disputed, a consumer need only send a letter[1006] stating, "I dispute the debt" in order to dispute a debt. As written,[1007] the debt collector's letter could lead the least sophisticated consumer to believe that she could not dispute the debt without providing "suitable" documentation within thirty days.[1008] Because the letter could hamper a consumer's effort to communicate a dispute of a debt, the court held that the letter deprived the consumer of the statutory protection given to those who notify a debt collector that the validity of a debt is contested.

Judge Posner offered a debt validation rights notice that would give debt collectors a safe legal haven in the Seventh Circuit.[1009] Judge Posner's decision is troubling in that it provides a flawed, model validation notice and dunning letter that the court described as a "safe haven" for debt collectors in the Seventh Circuit. While the model letter has many salutary features, it fails to inform the consumer that a dispute of a part of the debt, e.g., a mysterious service charge or the method by which the current balance was determined, triggers the obligation of the collector to validate the debt. Such an omission would violate the FDCPA, at least in other circuits.[1010] In addition to clarifying that the collector would suspend or terminate collections if requested to validate a disputed debt, the Posner letter breaks up the notice of other aspects of the validation into simpler sentences increasing its readability for unsophisticated consumers. It also places the validation notice on the front of the letter following the description of the collector's intended collection activities so that it is clearer that the validation process will be followed if it is requested and the intended collection activities will be suspended or terminated.

One court held that the validation notice may omit a reference to the provision of a copy of a judgment if the debt had not been reduced to judgment.[1011] The FTC staff repeatedly warned collectors to delete the statutory references to "judgment" in section 1692g(a)(4) when there was no judgment against the consumer, as such reference was considered deceptive.[1012] Later the FTC staff took the opposite tack.[1013] In *Moore v. Ingram & Associates, Inc.*,[1014] a court concluded that even the least sophisticated consumer would not be mislead by use of the word "judgment" in the validation notice even though a judgment had not been secured.

Notice of the right to obtain the name and address of the original creditor (under section 1692g(a)(5)) need not be given if there was only one creditor.[1015] One court has held that if the debt collector supplied the name and address of the original creditor in the initial letter, it did not need to offer to supply the name and address of the original creditor again in the validation notice.[1016] The information required by section 1692g(a)(3) and (4) may be combined in a single sentence of the notice.[1017] It must identify the amount of the

---

1006 In dicta, the court stated that a consumer could also orally dispute the validity of a debt.
1007 The court noted that a brief statement clarifying that consumers were not required to submit documentation would have avoided the FDCPA violation.
1008 *See also* Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002) (initial dun containing the required § 1692g disclosure but reciting examples of "suitable dispute documentation" unlawfully suggested to the least sophisticated consumer that a dispute under § 1692g must be in writing, that some supporting documentation might be unsuitable, and that any documentation at all was required.); Whitten v. ARS Nat'l Servs., Inc., 2002 U.S. Dist. LEXIS 10828 (N.D. Ill. June 17, 2002) (court affirmed prior ruling and held that no evidence other than the collection letter was required in order for the court to determine that the letter violated the FDCPA because the additional phrase "suitable dispute documentation could include . . ." and attendant list, juxtaposed with the statutory right to dispute a debt within thirty days, created more than the mere potential for confusion and was as bad as an outright contradiction or inconsistency.).
1009 Bartlett v. Herbl, 128 F.3d 497 (7th Cir. 1997).
1010 *See* § 5.7.2.6, *supra*.
1011 Beeman v. Lacey, Katzen, Ryen & Mittleman, 892 F. Supp. 405 (N.D.N.Y. 1995).
1012 Such deception violates 15 U.S.C. § 1692e. Dempsey, FTC Informal Staff Letter (Jan. 21, 1981); Rahe, FTC Informal Staff Letter (Aug. 6, 1980); Boyle, FTC Informal Staff Letter (Jan. 30, 1980). *See also* Mezines, FTC Informal Staff Letter (Mar. 4, 1980); Boyle, FTC Informal Staff Letter (Jan. 30, 1980); Samuels, FTC Informal Staff Letter (Nov. 1, 1979); Osterloh, FTC Informal Staff Letter (July 13, 1979); McGrath, FTC Informal Staff Letter (July 12, 1979); Woosley, FTC Informal Staff Letter (May 30, 1978); Vernick, FTC Informal Staff Letter (May 24, 1978). *But cf.* Blackwell v. Professional Bus. Servs., Inc., 526 F. Supp. 535 (N.D. Ga. 1981) (inclusion of word "judgment" in validation notice when there was no judgment on claim did not violate FDCPA); Check Central, Inc. v. Barr, Clearinghouse No. 37,497 (Bankr. D. Or. 1984) (use of the word "judgment" in validation notice, when there was none, did not violate FDCPA).
1013 FTC Official Staff Commentary § 807(2), 3, *discussed in* § 3.2.6, *supra* [reprinted in Appx. C, *infra*].
1014 805 F. Supp. 7 (D.S.C. 1992). *See also* Duncan v. Nichols, 1994 WL 561846 (S.C. App. Oct. 10, 1994) (attorney's letter to consumer which repeats the language of 15 U.S.C. § 1692g(a)(4), including reference to a judgment even though a judgment had not been obtained, was not misleading in violation of 15 U.S.C. § 1692e).
1015 FTC Official Staff Commentary § 809(a), 2, *discussed in* § 3.2.6, *supra* [reprinted in Appx. C, *infra*]; Goldfarb, FTC Informal Staff Letter (Nov. 23, 1988); Kodner, FTC Informal Staff Letter (Mar. 7, 1979); Cope, FTC Informal Staff Letter (Dec. 23, 1977).
1016 Cavallaro v. Law Offices of Shapiro & Kriesman, 933 F. Supp. 1148 (E.D.N.Y. 1996).
1017 Steiger, FTC Informal Staff Letter (Jan. 1, 1978). *See also* Nixon, FTC Informal Staff Letter (Feb. 14, 1989) (notices required by 15 U.S.C. §§ 1692e(11) and 1692g(a) may be condensed and combined).

debt[1018] and the creditor;[1019] 15 U.S.C. § 1692e(11) requires a statement that the matter involves the collection of a debt and any information provided will be used for that purpose.[1020] Placing the word "Important" on the validation notice labels it sufficiently.[1021] The validation notice need not contain the date it was sent, although it may be better to include that date.[1022] FTC staff believed a lawyer may add a statement to the validation notice that it was the lawyer's policy to file suit within thirty days.[1023] The Sixth Circuit considered the collector's version of 15 U.S.C. § 1692g(a)(3): "All portions of this claim shall be assumed valid unless disputed within thirty days of receiving this notice."[1024] The court ruled "even under the 'least sophisticated consumers' standard" the language satisfied the Act.[1025] The FDCPA does not require the debt collector to inform the consumer of the obligation to stop collection until the requested verification has been provided,[1026] although they may disclose that requirement.[1027]

Some years ago the FTC staff took the erroneous position that the filing of a summons and complaint was not a "communication"[1028] and concluded that there was no communication requiring a 15 U.S.C. § 1692g validation notice if the collector was an attorney and merely filed suit.[1029] To the extent that the FTC staff opinions were based on a narrow definition of communication or a distinction between litigation and other debt collection activities, they were overruled by the U.S. Supreme Court's decision in *Heintz v. Jenkins*.[1030]

The basic approach of 15 U.S.C. § 1692g(a) was first contained in H.R. 11969[1031] and was refined in subsequent major bills. The phrase "unless the following information is contained in the initial communication" was added by S. 656[1032] and the phrase "or the consumer has paid the debt" by S. 918.[1033] Many of the major debt collection bills required inclusion of the name and address of the original creditor in the notice of validation rights;[1034] the requirement of providing information on request was decided by the Senate Consumer Affairs Subcommittee.[1035] The right to dispute a portion of the debt was introduced in S. 3838[1036] and not contained in some subsequent Senate bills.[1037]

**5.7.2.6.2 Notice should indicate that oral disputes overcome collector's presumption of validity of debt**

The validation notice should not state that the consumer must use a writing to raise a dispute that overcomes the 15 U.S.C. § 1692g(3) assumption by the debt collector that the debt is valid. The consumer is entitled to dispute a debt orally to overcome a collector's assumption that a debt is valid, although only a written dispute of the debt triggers the collector's duty to provide verification of the debt. A validation notice, therefore, violated the FDCPA when it stated that the debt would be presumed valid unless the consumer disputed it "in writing."[1038] The U.S. District Court for the

---

1018 *See* §§ 5.5.4.3, *supra*, 5.7.2.6.3, 5.7.2.6.4, *infra*.
1019 Rosenberg, FTC Informal Staff Letter (Jan. 16, 1991).
1020 Rahe, FTC Informal Staff Letter (Aug. 6, 1980). *See also* § 5.5.14, *supra*.
1021 Osborne, FTC Informal Staff Letter (Mar. 1, 1979).
1022 *See* Ozkaya v. Telecheck Services, Inc., 982 F. Supp. 578 (N.D. Ill. 1997) (since the consumer's right to obtain validation of a debt runs from the date the validation notice was received, obscuring the date on the notice did not affect her rights or result in an FDCPA violation).
1023 Goldfarb, FTC Informal Staff Letter (Nov. 23, 1988). But *cf.* § 5.7.2.7, *infra*.
1024 Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1028–29 (6th Cir. 1992).
1025 *Id.* But *see* Baker v. G.C. Servs., 677 F.2d 775 (9th Cir. 1982). *See also* Diamond v. Corcoran, Clearinghouse No. 48,404 (W.D. Mich. 1992) (collection letter which stated that all disputes must be in writing did not render the validation notice invalid).
1026 *See* Peter v. GC Servs. L.P., 310 F.3d 344 (5th Cir. 2002).
1027 *See* Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997).
1028 "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person." 15 U.S.C. § 1692a(2). *See* § 4.6, *supra*.
1029 *See* note 979, *supra*.
1030 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). *See* § 4.6, *supra*. *See also* Romea v. Heiberger & Assocs., 163 F.3d 111 (2d Cir. 1998) (state mandated three-day demand for payment and eviction notice was a "communication" sent "in connection with the collection of any debt" subject to the FDCPA).

1031 94th Cong., 2d Sess. § 808 (1976) (Clearinghouse No. 31,059Z1).
1032 95th Cong., 1st Sess. § 808(a) (1977) (Clearinghouse No. 31,059N).
1033 95th Cong., 1st Sess. § 809 (1977) (Clearinghouse No. 31,059L).
1034 *E.g.*, S. 918, 95th Cong., 1st Sess. § 809(a)(2) (1977) (Clearinghouse No. 31,059L); H.R. 29, 95th Cong., 1st Sess. § 808(a)(2) (1977) (Clearinghouse No. 31,059O).
1035 Senate Committee Print No. 1, *supra* note 55, at § 809.
1036 95th Cong., 1st Sess. § 808(a)(3) (1977) (Clearinghouse No. 31,059R).
1037 *Compare, e.g.*, S. 656, 95th Cong., 1st Sess. § 808(a)(3) (1977) (Clearinghouse No. 31,059N) *with* S. 918, 95th Cong., 1st Sess. § 809(a)(3) (1977) (Clearinghouse No. 31,059L).
1038 *See* King v. International Data Servs., 2002 WL 32345923 (D. Haw. Aug. 5, 2002); Reed v. Smith, 1994 U.S. Dist. LEXIS 21463 (M.D. La. July 25, 1994), *summary judgment granted in party, denied in part*, 1995 WL 907764 (M.D. La. Feb. 8, 1995); Young v. McDowell Servs., Inc., 1991 U.S. Dist. LEXIS 21814 (N.D. Ga. Apr. 30, 1991); Bailey v. TRW Receivables Mgmt. Servs., Inc., Clearinghouse No. 45,769 (D. Haw. 1990); Henderson v. Credit Bureau, Inc., 1989 U.S. Dist. LEXIS 19138 (W.D.N.Y. July 13, 1989); Spencer v. Credit Bureau, Inc., 1989 U.S. Dist. LEXIS 19101 (W.D.N.Y. July 14, 1989); Harvey v. United Adjusters, 509 F. Supp. 1218 (D. Or. 1981); Villanueva v. Creditors Serv. Bureau, Clearinghouse No. 47,949 (D.N.M. 1992) (by Stipulated Order the debt collector was enjoined from printing the validation notice in a manner which obscured the distinction between written and oral notification of a consumer's dispute and was required to print the validation notice in a manner which tracked 15 U.S.C. § 1692g(a)). *See In re* Sanchez, 173 F. Supp. 2d 1029 (N.D. Cal. 2001) (the plain language of §

[Note: the left edge of the page is cut off by the book's binding; the following fragments are all that is visible of the leftmost column.]

in subseque[nt]
information i[...]
s added by S[...]
aid the debt[...]
ollection bill[...]
f the origina[l]
the require[...]
is decided b[y]
5 The right to[...]
n S. 3838 10[..]
bills.1037

putes
f validity of

e consumer
omes the 15
ctor that the
pute a debt
at a debt is
triggers the
ebt. A vali-
en it stated
consumer
urt for the

ghouse No.
ghouse No.
ghouse No.
977) (Clear-
1st Sess. §

809.
ghouse No.
)(3) (1977)
., 1st Sess.
345923 (D.
ist. LEXIS
granted in
. 8, 1995);
XIS 21814
les Mgmt.
0); Hend-
IS 19138
Inc., 1989
Harvey v.
illanueva
(D.N.M.
ned from
ured the
nsumer's
ice in a
Sanchez,
age of §

---

Western District of New York discussed this issue in depth:

> Subsection 1692g(a)(3) requires that as part of the validation information the debt collector must state that if the consumer does not dispute the debt within thirty days the debt will be assumed to be valid. There is no mention that the consumer must dispute the debt in writing. However, both subsections (a)(4) and (a)(5) require that the consumer be notified that if the debt is disputed or a request is made "in writing" . . . Subsection (b) notes that if the consumer notifies the debt collector "in writing". . . .
>
> It is clear from these subsections that Congress was well aware of requiring the consumer to dispute the debt or make requests of the collector in writing and, as such, the omission of the "in writing" requirement in subsection (a)(3) appears to be intentional. The plain language of (a)(3) does not require that the consumer, in order to dispute the validity of the debt, convey such dispute to the collector in writing, and, without any indication of a Congressional intent to require a written communication in the first instance to dispute the debt, this Court cannot graft such a requirement onto the statute. Moreover, it is clear from the language of subsections (a)(4), (a)(5) and (b) that a writing from the consumer places an affirmative duty on the part of the debt collector to do something, either to cease collection or to verify the debt, whereas a notification pursuant to subsection (a)(3), written or not, places no duty on the debt collector to act but merely removes what appears to be a presumption that the debt is valid. This distinction between the various subsections of section 1692g sheds some light on the matter and further convinces this Court that the defendant violated subsection 1692g(a)(3) when the notice envelope informed the plaintiff that, if he did not dispute the debt in writing, it would be assumed to be valid.[1039]

The Third Circuit subsequently reached the opposite result: "We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing."[1040] The opinions of the district courts discussed above were considered but rejected by the *Graziano* court. The statutory language requiring a writing to effectuate the consumer's rights pursuant to section 1692g(a)(4) and (5), but not 1692g(a)(3), was clear to those district courts which had previously considered this issue.

The plain meaning[1041] of section 1692g(a) may result in other circuits disagreeing with the Third Circuit on this point. A district court has rejected *Graziano* noting that it failed to give effect to the plain language of the statute.[1042] The district court also noted that a recent Second Circuit decision, *Brady v. Credit Recovery Company*,[1043] illustrated the utility of providing this disclosure. In *Brady*, the consumer orally contested the debt and the collector violated another provision of the FDCPA[1044] by failing to include the fact of the consumer's dispute in its report of the debt to a credit reporting agency. One court has held that a debt collector is not required to provide debtors with a telephone

---

1692g(a)(3) does not require that a dispute be "in writing"); Durkin v. Equifax Check Servs., Inc., 2001 U.S. Dist. LEXIS 15474 (N.D. Ill. Sept. 27, 2001) (because defendant's letters do not explain the significance of written disputes compared with oral disputes, a reasonable jury could find consumer confusion); Ong v. American Collections Enter., Inc., 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999) (collection agency's letter to consumer violated § 1692g(a)(3) requiring that consumer notify collection agency in writing that he disputes the validity of the debt). *Cf.* § 5.7.3.2, *infra*. *See also In re* Risk Mgmt. Alternatives, Inc., 208 F.R.D. 498 (S.D.N.Y. 2002) (court declined to follow Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991), and held that a jury must determine whether the least sophisticated consumer could believe that the language of the letter at issue implied that any challenge to the debt must be in writing.); Spearman v. Tom Wood Pontiac-GMC, Inc., 2002 WL 31854892 (S.D. Ind. Nov. 4, 2002) (court parts with the Third Circuit position in *Graziano* in the current split on whether a proper § 1692g notice may require that any dispute must be in writing and holds in a comprehensive analysis that the validation notice must disclose the consumer's right to dispute orally.); Goldberg v. Winston & Morrone, 1997 WL 139526 (S.D.N.Y. Mar. 26, 1997) (whether statement that dispute must be "in writing" violated 15 U.S.C. § 1692g(a)(3) was a question for the jury). *But see* Smith v. Transworld Sys., Inc., 953 F.2d 1025 (6th Cir. 1992) (debt collector's letter, which stated that "all portions of this claim shall be assumed valid unless disputed within thirty days of receiving this notice," satisfied 15 U.S.C. § 1692g(a)(3) under the "least sophisticated consumer" standard); Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991); Jolly v. Shapiro, 237 F. Supp. 2d 888 (N.D. Ill. 2002) (court sides with the Third Circuit position in *Graziano* in the current split on whether a proper § 1692g notice may require that any dispute must be in writing.).

1039 Young v. Credit Bureau Inc., Clearinghouse No. 45,351, *amended on other grounds*, 729 F. Supp. 1421 (W.D.N.Y. 1989).
1040 Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). *Accord* Ingram v. Corporate Receivables, Inc., 2003 WL 21018650 (N.D. Ill. 2003); Castillo v. Carter, 2001 U.S. Dist. LEXIS 2686 (S.D. Ind. Feb. 28, 2001); Wallace v. Capital One Bank, 168 F. Supp. 2d 526 (D. Md. 2001); Sturdevant v. Jolas, P.C., 942 F. Supp. 426 (W.D. Wis. 1996).
1041 Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) (courts bound by plain language of the Act).
1042 Ong v. American Collections Enter., Inc., 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999). *See also* Spearman v. Tom Wood Pontiac-GMC, Inc., 2002 WL 31854892 (S.D. Ind. Nov. 4, 2002) (court parts with the Third Circuit position in *Graziano* in the current split on whether a proper § 1692g notice may require that any dispute must be in writing and holds in a comprehensive analysis that the validation notice must disclose the consumer's right to dispute orally.); *In re* Risk Mgmt. Alternatives, Inc., 208 F.R.D. 493 (S.D.N.Y. 2002) (court declined to follow Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991), and held that a jury must determine whether the least sophisticated consumer could believe that any challenge to the debt must be in writing.).
1043 160 F.3d 64 (1st Cir. 1998).
1044 15 U.S.C. § 1692e(8).

number in order to assist debtors in disputing the debt orally.[1045]

A bill[1046] introduced in a prior Congress would have added the requirement that the consumer's dispute must be in writing to overcome the collector's section 1692g(a)(3) assumption of validity.[1047] News of these and other developments may be obtained from NCLC REPORTS, *Debt Collection and Repossessions Edition* between annual supplements of this book.[1048]

### 5.7.2.6.3 Debt collector must disclose amount of the debt

The first element of the debt validation notice is the "the amount of the debt."[1049] Many collectors, however, state only a part of the balance of the debt and state that additional fees or charges, like attorney fees or service charges, are also owed without specifying the amount of the additional charge. For example, a dunning letter containing the debt validation notice may state "Balance: $4010.23 plus attorney fees."

There is concern that some collectors determine the amount of any additional charges according to the consumer's gullibility rather than using an evenhanded policy. The result may be that sophisticated consumers negotiate for lower fees than other consumers, but those who can least afford these additional charges pay more than others, and must neglect basic necessities to do so.

A recent decision written by Judge Posner of the Seventh Circuit Court of Appeals held that a statement of the amount of the debt must be part of the validation notice. Stating that the amount owed is the accelerated unpaid balance plus unspecified interest, late charges, etc. that "changes daily" and giving an 800-number to call to get the current amount

owed violated the section 1692g requirement that the dun state the "amount" of the debt.[1050] The collector must disclose the dollar amount of the debt as of the date of the letter to meet the requirements of the plain language of the FDCPA. The collector can give an 800-number and otherwise make reasonable disclosure of daily and unknown additional charges.[1051]

Until recently,[1052] the courts that have examined the

---

1045   Nasca v. GC Servs., Ltd., 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002).
1046   H.R. 1711, 104th Cong., 1st Sess. § 2(b)(2) & (3) (1995).
1047   *See Bills Pending in Congress Would Gut Fair Debt Collection Practices Act*, 14 NCLC REPORTS, *Repossession and Debt Collection Ed.* 17 (Mar./Apr. 1996).
1048   *See* § 1.1.4, *supra*, for additional information.
1049   15 U.S.C. § 1692g(a)(1). *See* §§ 5.5.4.3, *supra*, 5.7.2.6.4, *infra*. *See also* Shea v. Codilis, 2000 U.S. Dist. LEXIS 4202 (N.D. Ill. Mar. 27, 2000) (stating the principal balance when there was also interest due violated the § 1692g(a)(1) requirement that the collector state the amount of the debt.); Shea v. Codilis, 2000 U.S. Dist. LEXIS 4131 (N.D. Ill. Mar. 27, 2000) (class was certified against a collection law firm that violated the § 1692g requirement that it state the amount of the debt. The collector stated the principle due without stating the balance that included accrued interest.). *But see* Valdez v. Hunt, 2002 U.S. Dist. LEXIS 4575 (N.D. Cal. Mar. 19, 2002) (collection letter reciting the amount owed in its caption as the dollar amount "plus interest" but stating in its first sentence merely the dollar amount would not unlawfully confuse the least sophisticated consumer to believe that any amount other than the dollar amount recited was then owing.).
1050   Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872 (7th Cir. June 5, 2000). *See* Stanley v. Stupar, Schuster & Cooper, S.C., 136 F. Supp. 2d 957 (E.D. Wis. 2001) (plaintiff's complaint, based on defendants' statement of the debt as "$987.71, plus attorneys fees," stated claims for violations of 15 U.S.C. §§ 1692g(a)(1), e, and f(1)). *See also* Jolly v. Shapiro, 237 F. Supp. 2d 888 (N.D. Ill. 2002) (disclosure of the amount of the debt mandated by § 1692g does not require calculating the amount owing as of the precise date of the dun and may be disclosed as of a stated date certain together with the "safe harbor" language devised by the Seventh Circuit in *Miller* as to the appropriate adjustments for the continuing accrual of interest and fees.).
1051   *Accord* Smith v. GC Servs., L.P., 2003 WL 22012229 (N.D. Ill. Aug. 25, 2003) (unpaid balance of a student loan was sufficiently disclosed despite a footnote in the letter that there may be accrued but unposted interest, in the absence of evidence that the disclosed balance was not correct.).
1052   *See* Veach v. Sheeks, 316 F.3d 690 (7th Cir. 2003) (collection attorney did not state the amount of the debt when it stated the debt as treble the debt when trebling under the state dishonored check statute could only be done by a future judgment.); McDowall v. Leschack & Grodensky, P.C., 279 F. Supp. 2d 197 (S.D.N.Y. 2003) (where the letter demanded a specific dollar amount "plus interest and attorney's fees," it failed to state the amount of the debt violating § 1692g(a)(1)); Bernstein v. Howe, 2003 WL 1702254, 2003 U.S. Dist. LEXIS 5284 (S.D. Ind. Mar. 31, 2003) (collection letter demanding payment of a specific amount "plus interest and attorneys fees" violated § 1692g(a)(1) by failing to state the amount due when the letter was sent); Armstrong v. Rose Law Firm, P.A., 2002 U.S. Dist. LEXIS 4039 (D. Minn. Mar. 7, 2002) (debt collector's recitation of different amounts that were owing or might be owing in the future if the debt was not paid was confusing to the unsophisticated consumer, who would be required to subtract one figure from another to determine the amount of the debt, and therefore failed to adequately disclose the amount of the debt in violation of § 1692g); Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, L.L.P., 217 F. Supp. 2d 336 (E.D.N.Y. 2002) (statement in the initial dun that the amount of the debt was the underlying balance plus a sum for "attorneys' fees up to" a stated dollar amount presents the least sophisticated consumer with "a variety of amounts of the debt" and therefore failed to disclose the specific amount of the debt owing, in violation of sec. 1692g(a)(1)); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361 (M.D. Fla. 2002) (initial dun that listed amount owing in a formulaic manner comprised of different components for different periods of time with no total figure failed to state the amount of the debt as required by 1692g.); Jackson v. Aman Collection Serv., Inc., 2001 U.S. Dist. LEXIS 22238 (S.D. Ind. Dec. 14, 2001) (decision not precedential and not to be published) (collection agency's motion to dismiss denied where consumer alleged that collection letter violated § 1692g(a)(1) by failing to state the entire amount due, but rather, seeking an amount due plus an unspecified amount of "accruing inter-

requirement that the notice contain the "the amount of the est."); Stanley v. Stupar, Schuster & Cooper, 136 F. Supp. 2d 957 (E.D. Wis. 2001) (plaintiff's complaint based on defendants' statement of the debt as "$987.71, plus attorneys fees" stated claims for violations of 15 U.S.C. §§ 1692g(a)(1), e, and 1692f(1)); Bawa v. Bowman, Heintz, Boscia & Vician, 2001 U.S. Dist. LEXIS 7842 (S.D. Ind. May 30, 2001) (summary judgment was granted for consumers when collection letter did not state the amount of the debt but demanded a sum "plus accrued interest and/or late charges, and attorney fees, exact amount to be determined by agreement between you and us or by a court."); Wilkerson v. Bowman, 200 F.R.D. 605 (N.D. Ill. 2001) (collection letter did not state the amount of the debt as required by the § 1692g where it stated: "Balance: $3484.02, less applicable rebate, if any, $.00 accrued interest and/or late charges, up to $350.00 attorney fees, exact amount to be determined by agreement between you and us or by a court, and 20.00% interest per annum from February 4, 2000."). *See also* Bush v. Loanstar Mortgage Servs., L.L.C., 2003 WL 927084, 2003 U.S. Dist. LEXIS 3313 (N.D. Cal. Mar. 7, 2003) (§ 1692g(a)(1) was not violated by a document which contained both the total amount of the mortgage and a lesser amount to reinstate normal terms of the mortgage without explanation of their relationship. Although the defendant was precluded by California Civil Code § 2924(c) from taking legal action to collect the total amount of the mortgage until after the thirty-day validation period, the FDCPA was not violated. Defendant was not required to explain in its validation notice that plaintiffs' obligation to repay the loan would be extinguished if the creditor ultimately exercised its right to sell plaintiffs home.); Chuway v. National Action Fin. Servs., Inc., 2003 WL 943949 (N.D. Ill. Mar. 7, 2003) (summary judgment granted defendant in FDCPA class action; reference in text to "most current balance" did not on its face contradict the dollar amount stated. Plaintiff did not submit evidence that letter would be confusing to least sophisticated consumer.); Ingram v. Corporate Receivables, Inc., 2003 WL 21018650 (N.D. Ill. 2003) (initial demand letter that disclosed an exact amount allegedly owing did not comply with § 1692g(a)(1) where the amount included interest that changes periodically and the letter did not expressly state as of what date that amount was due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest.); Castillo v. Carter, 2001 U.S. Dist. LEXIS 2686 (S.D. Ind. Feb. 28, 2001) (whether letter which sought to collect sum certain "to which may be added any other sums that may become due, including attorney fees, if so provided in your lease, plus court costs" was misleading with respect to amount of debt was a factual question and could not be decided on summary judgment.). *But see* Chaudhry v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999) (amount of the debt did not need to contain the amount of collection attorney fees as the fees could be waived by the collector and the fees were still accruing. The collector later demanded $8600 in fees, less than the accrued amount.); Spearman v. Tom Wood Pontiac-GMC, Inc., 2002 WL 31854892 (S.D. Ind. Nov. 4, 2002) (including in the amount of the debt in the § 1692g notice accompanying a lawsuit seeking unspecified reasonable attorney fees and costs did not violate the standard enunciated by the Seventh Circuit in *Miller* decision, which was reversed two months later by the Seventh Circuit in the related case of Veach v. Sheeks, 316 F.3d 690, 2003 WL 102992 (7th Cir. Jan. 13, 2003).); Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002) (recitation on different dates of differing amounts owing in a telephone dun and a letter did not violate § 1692e or § 1692g as the discrepancy correctly resulted from the accrual of interest

debt" have not adequately addressed this issue.[1053] It is clear that the congressional purpose for the debt validation notice was to avoid mistaken debt collection claims and provide an informal, low cost way of requiring debt collectors to avoid and resolve these mistakes.[1054] That purpose is not served unless that the amount of the debt contained in the debt validation notice is accurate.

Emphatically the courts have required that the debt validation notice must be provided "effectively" and that it must not be "confusing."[1055] These principles favor the

---

and fees); Valdez v. Hunt, 2002 U.S. Dist. LEXIS 4575 (N.D. Cal. Mar. 19, 2002) (collection letter reciting the amount owed in its caption as the dollar amount "plus interest" but stating in its first sentence merely the dollar amount would not unlawfully confuse the least sophisticated consumer to believe that any amount other than the dollar amount recited was then owing.); Wiegand v. JNR Adjustment Co., 2002 U.S. Dist. LEXIS 7292 (D. Minn. Apr. 22, 2002) (dun that recited the aggregate amount allegedly owing and that further explained that this amount was comprised of "the check amount plus the posted worthless check charge" met the requirement of the FDCPA to "be explicit regarding the amount owed."); Taylor v. Cavalry Invest., L.L.C., 210 F. Supp. 2d 1001 (N.D. Ill. 2002) (statement of the amount due as of the date of the initial dun together with notice that the amount owing would increase with additional interest over time met the requirements of § 1692g.).

1053  15 U.S.C. § 1692g(a)(1). *See* Taylor v. Fink, 1994 WL 669605 (N.D. Ill. Nov. 25, 1994) (even where amount of a credit to the mortgage debt was to be determined in a pending fraud class action, the failure to state the amount of the debt without the credit was an FDCPA violation); Bukumirovich v. Credit Bureau, Inc., 155 F.R.D. 146 (M.D. La. 1994) (validation statement violated 15 U.S.C. § 1692g(a)(3) because it did not give consumer notice that the dishonored check charge added by the collector could be disputed); Clark v. Schwabe, Williamson, & Wyatt, Clearinghouse No. 44,831 (D. Or. 1990) (validation notice sufficiently stated the amount of the debt by referring to another document that was enclosed; it did not have to compute the interest and charges to date); Furth v. United Adjusters, Inc., 1983 U.S. Dist. LEXIS 20368 (D. Or. Nov. 17, 1983) (debt misstated as $143.28 when it was $500.15); Rosenberg, FTC Informal Staff Letter (Jan. 16, 1991). *But see* Harvey v. National Action Fin. Servs., 79 F. Supp. 2d 896 (N.D. Ill. 1999) (motion to dismiss granted. Validation notice sufficiently stated the amount of the debt by disclosing a set amount plus referring to small additional charges which could be determined by a free telephone call. Relying on the "unsophisticated consumer" standard, the court reasoned that "the provision of a telephone number to get the current balance will lead to less head-scratching than providing various per diem formulae from which our unsophisticated consumer can attempt to calculate the current balance.").

1054  "This provision will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382 [reprinted at Appx. A.3, *infra*]. *See also* Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) (validation provision is aimed at preventing collection efforts based on mistaken information.).

1055  *See, e.g.*, Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222 (9th Cir. 1988) (validation notice must be provided effectively). *See also* Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997) (an effective validation notice is not confusing).

disclosure of the total amount of the debt rather than only a portion. Moreover, a primary rule of statutory construction is that the plain language of the statute should be followed when it is clear.[1056] That rule is best met by a statement of the full, actual amount of the debt rather than by a statement of part of the debt[1057] and a statement that there is an unspecified amount of other charges.

A number of opposing arguments can be anticipated: The amount of the additional charge could be one that would increase over time, such as an interest charge or attorney collection fees in some states. A statement of the total balance would be confusing because it would be different in a day or a month. However, consumers deal routinely with changing debt balances, and a statement of the amount due at a particular time is unlikely to be as confusing as hiding the full amount of the debt.

Collectors may also argue that the amount of the additional charge is not fixed clearly by the contract or law and that stating the amount of the additional charge may therefore result in more confusion. However, the additional amount will be stated soon enough by the collector and stating it in the letter will not be any more confusing. Indeed, the letter could more clearly address the discretion involved in setting the amount of the charge and alert the consumer to how that discretion was exercised. So, for example, where the contract states that a consumer in default in payments may be charged a reasonable fee for collection of the debt, the debt validation notice could state:

> Amount of debt: $4210.23 (includes $200 "reasonable" attorney fee)

Or the amount could be explained in a footnote as including a $200 attorney fee pursuant to the contract clause allowing a reasonable attorney fee.

### 5.7.2.6.4 *Debt collector may not mislead or confuse the consumer about the amount of the debt*

A related, but distinct rule under the FDCPA is that a debt collector may not misstate, deceive, or confuse the consumer about the amount of the debt actually owed. If the debt collector states that an amount must be paid that is in excess of what is actually owed, the statement is deceptive and violates 15 U.S.C. § 1692e. Most courts have been clear about the requirements of the FDCPA prohibiting misleading or confusing statements about the amount the debt.[1058]

Some courts do not hold a debt collector responsible where the creditor misstated the amount of the debt to the collector[1059] or where the disclosure of the wrong amount could be

---

1056 Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

1057 *E.g.*, Nance v. Ulferts, 282 F. Supp. 2d 912 (N.D. Ind. 2003) (stating only a potential liability for attorney fees violated § 1692g(1)(a).).

1058 *See, e.g.*, Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) (involved claim that creditor misrepresented amount due on a car loan because the amount included charges for unauthorized forced placed insurance premiums); King v. International Data Servs., 2002 WL 32345923 (D. Haw. Aug. 5, 2002) (including a statement of the total amount of charges by and payments to the creditor for over 10 years was confusing and deceptive.); Ditty v. CheckRite, Ltd., 973 F. Supp. 1320 (D. Utah 1997) (each letter purported to make a settlement offer comprised of the face amount of the check, a $15 service charge, and a figure listed as "Legal Consideration for Covenant Not to Sue." The letters failed to advise debtors that the state dishonored instruments statute prohibited the collection of any amount greater than the face amount of the check, plus a $15 service fee, unless a lawsuit was filed.); Madonna v. Academy Collection Serv., Inc., 1997 WL 530101 (D. Conn. Aug. 12, 1997) (statement that the judgment would be added to the current balance was false and deceptive since it suggested to the least sophisticated consumer that the final amount owing would be duplicative); Patzka v. Viterbo College, 917 F. Supp. 654 (W.D. Wis. 1996) (collection agency violated 15 U.S.C. § 1692e by threatening to sue on a prohibited collection fee and interest); Newman v. CheckRite California, Inc., 912 F. Supp. 1354 (E.D. Cal. 1995) (lawyers collecting debts for a check collection agency violated 15 U.S.C. §§ 1692e and 1692f by adding on an $85 charge that was not authorized by the contract or state law and labeling it a "legal notice" fee misrepresenting that the fee was legally due. Lawyers collecting debts for a check collection agency violated 15 U.S.C. §§ 1692e(5) and 1692f(1) by seeking attorney fees in a state action to collect a dishonored check when no attorney fees were authorized. The collection agency violated 15 U.S.C. §§ 1692e and 1692f(1) by asserting that the consumers were liable for treble the amount of their dishonored checks when they were not because the agency failed to use the statutorily required certified mail to make that demand and demanded payment in 10 days rather than the statutory 30 days permitted to avoid treble charges. The collection agency violated 15 U.S.C. §§ 1692e(1) and 1692f(1) by asserting that a consumer owed an amount which only the merchant and not the agency was entitled to recover under state law.); Martinez v. Albuquerque Collection Servs., 867 F. Supp. 1495 (D.N.M. 1994) (collection agency violated 15 U.S.C. §§ 1692e(2) and 1692f(1) by collecting inflated charges for a gross receipts tax and attorney fees and by compounding interest). *See also* §§ 5.5.4.3, 5.7.2.6.3, *supra*. *But see* Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002) (recitation on different dates of differing amounts owing in a telephone dun and a letter did not violate § 1692e or § 1692g as the discrepancy correctly resulted from the accrual of interest and fees); Valdez v. Hunt, 2002 U.S. Dist. LEXIS 4575 (N.D. Cal. Mar. 19, 2002) (collection letter reciting the amount owed in its caption as the dollar amount "plus interest" but stating in its first sentence merely the dollar amount would not unlawfully confuse the least sophisticated consumer to believe that any amount other than the dollar amount recited then owed.); McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002) (collector's letter which stated in part "you became obligated to pay for any and all damages to the vehicle" did not violate 15 U.S.C. § 1692g.).

1059 *E.g.*, Jenkins v. Heintz, 124 F.3d 824 (7th Cir. 1997), *cert. denied*, 523 U.S. 1022 (1998). *See* Bleich v. Revenue Maximization Group, Inc., 239 F. Supp. 2d 262 (E.D.N.Y. 2002) (summary judgment is proper for the defendant where the consumer shows only that the collector was unwittingly collect-

#### 5.7.2.7.8.4 Confusion

In a 1997 Seventh Circuit decision, Judge Posner identified one of the culprits in this area as the confusion.[1100] He noted that some confusion is likely to be created by the collector's omission of any statement that the collector will suspend or terminate collection efforts if the consumer disputes the debt and requests validation.[1101] While this is a requirement of 15 U.S.C. § 1692g, it need not be stated in the validation notice and collectors may be reluctant to add that information to their validation right notices for fear of increasing the number of consumers who take advantage of their validation rights.[1102] That is, if a consumer realized that the collector would suspend a threatened action, e.g., filing suit or sending a negative credit report, and would respond with clarifying information when the consumer sends a written dispute of the debt, the consumer is more likely to request validation. This would encourage the informal settlement of disputes as Congress intended. However, any resulting increase in requests may cause collectors to oppose this approach even though resolution of some disputes will increase their cash flow.

Judge Posner's decision is troubling in that it provides a flawed, model validation notice and dunning letter that the court described as a "safe haven" for debt collectors in the Seventh Circuit. While the model letter has salutary features, it fails to inform the consumer that a dispute of a part of the debt[1103]

Requesting payments be made to the creditor in the letter stating the consumer's right to seek validation of the debt from the debt collector was not necessarily confusing.[1104]

### 5.7.3 Verification of a Debt

#### 5.7.3.1 Text of 15 U.S.C. § 1692g(b)

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.[1105]

#### 5.7.3.2 Consumers Should Request Verification in Writing

The Act requires a request for validation to be in writing.[1106] The thirty-day period during which a consumer may request verification of a debt runs from the date of receipt of

---

improperly obscured the validation notice and misleadingly advised debtors that they would still be able to dispute the old debt after its transfer to the new account. Two state classes certified.).

1100 *See also* Desantis v. Computer Credit, Inc., 269 F.3d 159 (2d Cir. 2001) (debt collector's initial dun demanding payment or a "valid reason" for non-payment was unlawfully contradictory or confusing).

1101 Bartlett v. Herbl, 128 F.3d 497 (7th Cir. 1997). *See* Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Riddle & Assocs., P.C. v. Kelley, 2001 U.S. Dist. LEXIS 15712 (N.D. Ill. Sept. 28, 2001) (since the collection letter was virtually identical to the "safe harbor" language in *Bartlett*, it did not overshadow or confuse the consumer's rights pursuant to 15 U.S.C. § 1692g.); Cyborksi v. Computer Credit, Inc., 2001 U.S. Dist. LEXIS 15344 (N.D. Ill. Sept. 26, 2001) (defendant's validation notice, which varied only technically from the standards of *Bartlett*, did not overshadow the validation notice; the dun referenced important information on the reverse). *See also* Shapiro v. Riddle & Assocs., P.C., 240 F. Supp. 2d 287 (S.D.N.Y. 2003) (threat of suit did not overshadow the debt validation notice where the collector disclosed that no decision on suit had been made and that a request for validation would suspend collection efforts by suit or otherwise.).

1102 Studies show that only a very small portion of dissatisfied consumers bother to voice their complaints and presumably even fewer would go to the trouble of making a written complaint as required by 15 U.S.C. § 1692g. *E.g.*, Arthur Best, Alan R. Andreasen, *Consumer response to unsatisfactory purchases*..., 11 Law & Soc. Rev. 701 (1977).

1103 *See* § 5.7.2.6.1, *supra*.

1104 *See* Renick v. Dun & Bradstreet Receivable Mgmt. Servs., 290 F.3d 1055 (9th Cir. 2002); Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc., 2003 WL 1025581 (2d Cir. 2003) (not for publication).

1105 15 U.S.C. § 1692g(b). Several major bills did not contain the 15 U.S.C. § 1692g(b) provisions because it was thought sufficient that the rights and obligations of the provision were stated in the preceding subsection requiring notification. *See, e.g.*, H.R. 29, 95th Cong., 1st Sess. § 808 (1977) (Clearinghouse No. 31,0590); S. 3838, 94th Cong., 2d Sess. § 808 (1976) (Clearinghouse No. 31,059R). Bills requiring that notice of validation rights include the original creditor's name and address of course imposed no obligation to provide that information on request. *See* notes 1034 and 1035, *supra*. The language regarding a disputed portion of the debt was introduced by the Senate Consumer Affairs Subcommittee. Senate Committee Print No. 1, *supra* note 55, at § 809(b). The term "verification" was introduced as a technical amendment in the full Senate Banking Committee markup, replacing the word "certification" which might have been construed to require a legal document.

1106 *See* Fasten v. Zager, 49 F. Supp. 2d 144 (E.D.N.Y. 1999) (a collection agency that refused to verify a debt orally disputed by the consumer did not violate § 1692g, since that section requires any validation request to be in writing, or § 1692e); Damsel v. Shapiro & Felty, L.L.P., 2001 Ohio App. LEXIS 4052 (Ohio App. Sept. 13, 2001) (collector's tardy reply to consumers' oral request for mortgage reinstatement amount was not subject to § 1692g, as requesting the reinstatement amount was not in the nature of a dispute or seeking verification of the debt itself and, in any event, the request was not in writing). *See also* §§ 5.7.2.6.2 (oral disputes may overcome presumption that the debt is valid) and 5.5.11 (failing to disclose a dispute), *supra*.

## The Consumer Credit and Sales Legal Practice Series

16 volumes, each with CD-Rom, available individually or by library:

### DEBTOR RIGHTS LIBRARY

CONSUMER BANKRUPTCY LAW AND PRACTICE
FAIR DEBT COLLECTION
REPOSSESSIONS AND FORECLOSURES
STUDENT LOAN LAW
ACCESS TO UTILITY SERVICE

### CREDIT AND BANKING LIBRARY

TRUTH IN LENDING
FAIR CREDIT REPORTING
CONSUMER BANKING AND PAYMENTS LAW
THE COST OF CREDIT
CREDIT DISCRIMINATION

### CONSUMER LITIGATION LIBRARY

CONSUMER ARBITRATION AGREEMENTS
CONSUMER CLASS ACTIONS
CONSUMER LAW PLEADINGS

### DECEPTION AND WARRANTIES LIBRARY

UNFAIR AND DECEPTIVE ACTS AND PRACTICES
AUTOMOBILE FRAUD
CONSUMER WARRANTY LAW

### OTHER PUBLICATIONS FOR LAWYERS

The Practice of Consumer Law
STOP Predatory Lending
Surviving Debt
NCLC REPORTS Newsletter

**National Consumer Law Center** is a nonprofit dedicated since 1969 to protecting vulnerable consumers and promoting marketplace justice. For more on NCLC initiatives and the content of NCLC publications visit www.consumerlaw.org.

www.consumerlaw.org

ISBN 1-931697-52-3
9 781931 697521
51295